**The LEXINGTON HERALD–LEADER COMPANY and Tom McCord, Appellants,**

v.

**UNIVERSITY OF KENTUCKY PRESIDENTIAL SEARCH COMMITTEE and Robert T. McCowan, Albert G. Clay, Terrell A. Lassetter, James L. Rose, Frank Ramsey, Jr., Timothy A. Cantrell, Robert D. Guthrie, Wilbur W. Frye, Mary Sue Coleman and Donna Coleman, its members, Appellees.**

Supreme Court of Kentucky.

July 2, 1987.

---

C. Timothy Cone, Elsa Goss Black, Stoll, Keenon & Park, Lexington, for appellants.

John C. Darsie, Lexington, for appellees.

Jon L. Fleischaker, Kimberly K. Greene, Alexander M. Waldrop, Karen J. Greenwell, Wyatt, Tarrant & Combs, Louisville, for amicus curiae.

GANT, Justice.

Dr. Otis A. Singletary, President of the University of Kentucky, announced in the spring of 1986 that, after 18 years as presi-

dent of that institution, he was tendering his resignation effective June 30, 1987. The announcement was made at this early date so an orderly process of screening candidates and selecting a successor could be commenced by the Board of Trustees of the University of Kentucky. In May, 1986, this Board created a Presidential Search Committee to consist of ten members, five of whom were trustees; three were to be elected members of the faculty on campus; one was to be an elected member of the community college system faculty; and one was to be a full-time student, to be appointed by the Chairman of the Board of Trustees. This was to be an advisory committee only, with no power of appointment.

When the meetings of the Search Committee first began, it became obvious that the Search Committee did not consider itself a public agency, subject to the provisions of the Kentucky Open Meetings Act, viz., KRS 61.805 *et seq.* It became equally manifest that the Lexington Herald-Leader Co. and its reporter thought the opposite was true and considered themselves entitled to notice of meetings, minutes of these meetings, and personal attendance at the meetings. This dead-lock resulted in a joint petition for declaration of rights filed June 30, 1986, requesting the court to define the positions of the parties.

After briefs were filed, the Fayette Circuit Court issued its opinion that the Search Committee was not subject to the Kentucky Open Meetings Act—viz., KRS 61.805 *et seq*—basically on the grounds that it was not a legislatively created body and because it was an advisory body only, without power to affect policy or make appointments. We accepted this case on Motion To Transfer.

Two basic issues confront the court, the first of which is the fundamental question of whether the Search Committee is a public agency within the definition of KRS 61.805(2), which reads, in part:

(2) Public agency means ... any committee ... ad hoc committee, subcommittee, subagency or advisory body of a public agency which is created by or pursuant to statute, executive order, local

ordinance or resolution or other legislative act ...

■ It is the opinion of this court that the statute in question, perhaps inartfully drawn, means that a public agency is any agency which is created by statute, executive order, local ordinance or resolution or other legislative act, or any committee, ad hoc committee, subagency or advisory body of said public agency. The Board of Trustees of the University of Kentucky is created by statute—viz., KRS 164.130, *et seq* —so that the Presidential Search Committee, which was created, in turn, by formal action of the Board of Trustees, is a public agency and therefore subject to the provisions of KRS 61.805 *et seq.* Any other holding would clearly thwart the intent of the law.

■ Having declared that committees appointed by formal action of the University of Kentucky Board of Trustees are public agencies, the other issue which confronts us is the interpretation of KRS 61.-810, which reads:

**KRS 61.810. Exceptions to open meetings.**—All meetings of a quorum of the members of any public agency at which any public business is discussed or at which any action is taken by such agency, are declared to be public meetings, open to the public at all times, except for the following: (6) Discussions or hearings which might lead to the appointment, discipline or dismissal of an individual employe, member or student without restricting that employe, member or student's right to a public hearing if requested, provided that this exception is designed to protect the reputation of individual persons and shall not be interpreted to permit discussion of general personnel matters in secret.

KRS 61.810(6) must be considered in its entirety, as must all statutes. It is obvious that any discussion "might lead to the appointment" of a president when that is the sole purpose of a search committee. However, the paragraph is conditioned by the provision that the "exception is designed to protect the reputation of individual persons" and shall not "permit discussion of

general personnel matters in secret." If matters dealing with individuals are to be discussed, of course, the meeting may be closed in the manner provided by KRS 61.-815.

The preamble to 1974 Ky.Acts Chap. 377 reads as follows:

AN ACT relating to meetings.

WHEREAS, it is the policy of the Commonwealth that the formation of public policy is public business and may not be conducted in secret; and

WHEREAS, the legislature finds and declares that public agencies in this Commonwealth exist to aid in the conduct of the public's business; and

WHEREAS, the people of this Commonwealth do not yield their sovereignty to the agencies which serve them; the people, in delegating authority, do not give their public servants the right to decide what is good for them to know; the people insist on remaining informed so they may retain control over the instruments that they have created.

This is a strong indication that the Kentucky Legislature considered that the right of the public to be informed transcends any loss of efficiency, as urged by appellees herein.

The judgment of the Fayette Circuit Court is reversed.

STEPHENS, C.J., and GANT, LAMBERT, LEIBSON, VANCE and WINTERSHEIMER, JJ., concur.

STEPHENSON, J., concurs by a separate concurring opinion filed herewith.

STEPHENSON, Justice, concurring.

I concur with that portion of the majority opinion which holds that the Presidential Search Committee is a public agency.

I think I concur with the remainder of the opinion, although it is not clear what it does. The difficulty is that this part of the opinion does not discuss the issue in the case that was briefed and argued before this court. This portion of the opinion is a

generalized discussion of the Open Meetings Act.

The issue, as briefed and argued before the court, after disposing of the public agency question, was whether the Committee could *close* discussions about qualifications for a new president of the University of Kentucky. I am perfectly willing to say that *if* the Committee conducts a separate discussion about qualifications it cannot be a closed session.

There is nothing to suggest here that such a discussion took place outside of the discussion about applicants for the position which, it is conceded, could be closed. Just how it could be determined when only *qualifications* were discussed is not clear even if such separate discussions took place. Other than this issue, the Committee would have no business other than discussing applicants and their resumes. We have here a theory of law without practical application.

I would reverse only that portion of the judgment of the trial court that held the Search Committee was not a public agency.