FRANKFORT PUBLISHING CO., INC.
d/b/a The State Journal,
Appellant,

v.

KENTUCKY STATE UNIVERSITY
FOUNDATION, INC., a Kentucky
Corporation, Appellee.

No. 91–SC–667–DG.

Supreme Court of Kentucky.

June 25, 1992.

Rehearing Denied Sept. 24, 1992.

Sam G. McNamara, Frankfort, for appellant.

Paul C. Gaines III, Logan & Gaines, Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals reversing a declaratory judgment of the Franklin Circuit Court which held that the Kentucky State University Foundation, Inc. was a "public agency" as defined in K.R.S. 61.870(1) and therefore subject to the Open Records law, K.R.S. 61.870 to 61.884.

The sole issue is the application of the phrase "or agency thereof" as used in K.R.S. 61.870(1).

The Foundation is a nonprofit Kentucky Corporation, the purpose of which is to receive funds, gifts, grants, devises and bequests and apply them for the benefit of Kentucky State University or its students, faculty, staff or agents. The Foundation was originally incorporated as the Kentucky State College Fund, Inc., and the name was changed to its present form in 1973 after the college was designated a University by the General Assembly.

The controversy was precipitated when a staff writer for the Frankfort Publishing Co., Inc., d/b/a The State Journal, made a written request of the Foundation, pursuant to the Open Records Act, K.R.S. 61.870, for a recent audit of the Foundation's records relating to travel and entertainment expenses paid by the Foundation. The request was denied on October 6, 1989 by the President of the Foundation based on his belief that the Foundation was not subject to the Open Records law. Pursuant to K.R.S. 61.880(2), the newspaper sought an opinion from the Attorney General who determined that the Foundation

was a public agency within the meaning of the law and that the records requested should be furnished promptly. Thereafter the Foundation instituted a declaratory judgment action in the circuit court pursuant to K.R.S. 61.880(5). The circuit court entered summary judgment in favor of the newspaper. The Court of Appeals reversed the circuit court, and this appeal followed.

K.R.S. 61.870(1) provides as follows:

"Public agency" means every state or local officer, state department, division, bureau, board, commission and authority; every legislative board, commission, committee and officer; every county and city governing body, council, school district board, special district board, municipal corporation, court or judiciary agency, and any board, department, commission, committee, subcommittee, ad hoc committee, council or agency thereof; and any other body which is created by state or local authority in any branch of government or which derives at least twenty-five (25) percent of its funds from state or local authorities.

■■■ K.R.S. 61.872(1) provides for the right of inspection of public records. The policy supporting the Open Records law is expressly stated in K.R.S. 61.882(4) to the effect that free and open examination of public records is in the public interest. The exceptions which are provided by the law are to be strictly construed, even though the examination may result in embarrassment and inconvenience for public officials or others. The Court of Appeals held that the phrase "or agency thereof" upon which the trial judge relied in making his decision actually modifies only the clause beginning "every county and city governing body." The Court of Appeals observed that the Foundation is not an agency of a city or county governing body, a school board or a court or judicial agency, and therefore was not covered by the law. We disagree.

The reasoning used by the Court of Appeals, based on the placement of punctuation, produces a result which is inconsistent with the clear legislative intent. The phrase "or agency thereof," as used in the

statute, is an all-encompassing one intended to define as a public agency, any agency of a governmental unit listed prior to the phrase in the entire subsection.

It is erroneous to conclude that the legislature intended by punctuation or arrangement of the language in the statute to exclude from the definition of public agency, the agencies or instrumentalities of state departments, divisions, bureaus, legislative boards, commissions, and the governing board of a public university. There is no reasonable basis for excluding from the definition of a public agency the board and its interlocking foundation.

*Kentucky Tax Commission v. Sandman,* 300 Ky. 423, 189 S.W.2d 407 (1945), noted:

It is elementary that each section of a legislative act should be read in light of the act as a whole; with a view to making it harmonize, if possible, with the entire act, and with each section and provision thereof, as well as with the expressed legislative intent and policy.

An interpretation of K.R.S. 61.870(1), which does not include the Foundation as a public agency, is clearly inconsistent with the natural and harmonious reading of K.R.S. 61.870 considering the overall purpose of the Kentucky Open Records law. The obvious purpose of the Open Records law is to make available for public inspection, all records in the custody of public agencies by whatever label they have at the moment. Statutes are to be interpreted with a view to promote their objects and to carry out the intent of the legislature. K.R.S. 446.080. *Cf. Lexington Herald–Leader v. University of Kentucky,* Ky., 732 S.W.2d 884 (1987) which dealt with the Open Meetings Act but reflects the legislative intent embodied in similar laws and noted that the clear intent of the law was that the public be informed.

Punctuation alone is not a proper basis for ascertaining legislative intent.

It is a well settled rule that punctuation is a fallible standard of the meaning of a statute and is resorted to only as a last resort in construing doubtful statutes. Punctuation marks are no part of an act

and to determine legislative intent, punctuation will be disregarded or the phrase repunctuated if that is necessary in order to arrive at the natural meaning of the words employed. (Citations omitted.) *Cf. Hodges, et al. v. Quire*, 295 Ky. 78, 174 S.W.2d 9 (1943).

We do not believe that an analogy to *Courier Journal and Louisville Times Company v. University of Louisville Board of Trustees*, Ky.App., 596 S.W.2d 374 (1980) is sound. That case held that the University of Louisville Foundation was not a public agency as defined in K.R.S. 61.805, but that because the governing Board of Directors of U. of L. Foundation included the entire membership of the U. of L. Board of Trustees, all meetings were required to be open pursuant to K.R.S. 61.810. That decision is a combination of the Open Meetings and Open Records law.

Although K.R.S. 61.870(1) may be somewhat inartfully drawn, it is the holding of this Court that the phrase "or agency thereof" is applicable to all units of government listed before it in the same subsection. It is the clear intent of the law to make public the records of all units of government by whatever title for public inspection.

The decision of the Court of Appeals is reversed and the judgment of the Franklin Circuit Court is reinstated.

STEPHENS, C.J., and COMBS, LEIBSON, REYNOLDS and WINTERSHEIMER, JJ., concur.

LAMBERT, J., concurs by separate opinion.

STEPHENS, C.J., joins in his concurring opinion.

SPAIN, J., dissents by separate opinion.

LAMBERT, Justice, concurring.

I concur in the result of the majority opinion, but not with the breadth of its reasoning. My reason for concurring is that at the time this suit was instituted, the Kentucky State University Foundation was functioning as an agency of the university. It maintained offices on the campus, used the services of university personnel, and its by-laws required its board to be the same as the Board of Regents of the university. While these facts are sufficient to render it an agency of the university, not every university foundation should be so regarded.

A group of citizens should be entitled to form an organization for purposes of raising money and engaging in other activities beneficial to a state university without being subject to the Open Records Act. In my view, the determination should be whether any such organization was, in fact, an agency of the university or was a private entity which merely intended to serve a public purpose. See *Courier Journal and Louisville Times Company v. University of Louisville Board of Trustees*, Ky. App., 596 S.W.2d 374 (1980).

STEPHENS, C.J., joins in this concurring opinion.

SPAIN, Justice, dissenting.

Respectfully, I dissent, and would affirm the decision of the Court of Appeals. In the excellent Opinion authored by Judge Huddleston, it is emphasized that the KSU Foundation is a "non-profit fiduciary" and not a "public agency" whose records ought to be open to public examination. Further, it is undisputed that the Foundation, and others like it, are subject to the provisions of KRS 42.540, enacted *after* the inception of the Kentucky Open Records Act, and accordingly are specifically required to make an annual report and accounting to the state investment commission as to their receipts and disbursements. The enactment of this statute in 1982 was clearly a redundancy if all these "non-profit fiduciaries" were already "public agencies" fully subject to the Open Records Act.

On the contrary, the passage of KRS 42.540 shows that the Kentucky General Assembly was obviously aware of the existence of all these "non-profit fiduciary" foundations holding funds for the state's universities and other organizations, but intentionally declined to describe them as "public agencies" within the meaning of the Open Records Act.

The Opinion of the Court of Appeals clarified the meaning of that section of the Open Records Act defining "public agency" by paragraphing KRS 61.870(1) as follows:

(1) Public agency means

every state or local officer, state department, division, bureau, board, commission and authority;

every legislative board, commission, committee and officer;

every county and city governing body, council, school district board, special district board, municipal corporation, court or judicial agency, and any board, department, commission, committee, subcommittee, ad hoc committee, counsel or agency thereof;

and any other body which is created by state or local authority in any branch of government or which derives at least twenty-five percent (25%) of its funds from state or local authority.

In my opinion, the members of the Majority have stretched the bounds of judicial interpretation of a statute to the breaking point by their labored effort to include the KSU Foundation under the umbrella of "or agency thereof," which phrase to me clearly modifies only the bodies listed in that paragraph. Had the legislature intended to include agencies of every body described in all four paragraphs, it could have done so very simply by adding a paragraph at the end of the definition.

In addition to all of the above, I believe the Court of Appeals correctly decided this issue in the case of *Courier–Journal and Louisville Times Co. v. University of Louisville Bd. of Trustees,* Ky.App., 596 S.W.2d 374 (1979), when it clearly found that the University of Louisville Foundation was *not* a "public agency" as defined in KRS 61.805(2), even though its meetings were subject to the Open Meetings law because its governing board included the entire membership of the Board of Trustees of the University. Since the U of L Foundation was held not to be a "public agency," its records would not have been subject to open public disclosure. The

same rationale ought to apply to the KSU Foundation in the case at hand.