Doris Jean SHELTON, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 97–CA–0415–MR.

Court of Appeals of Kentucky.

Aug. 28, 1998.

Discretionary Review Denied
by Supreme Court Feb. 10, 1999.

Kathleen Kallaher Schmidt, Shepherds-
ville, Kentucky, for Appellant.

A.B. Chandler III, Attorney General of
Kentucky, Dana M. Todd, Assistant Attor-
ney General, Frankfort, Kentucky, for Ap-
pellee.

Before DYCHE, EMBERTON, and
HUDDLESTON, Judges.

*OPINION*

DYCHE, Judge.

Doris Jean Shelton appeals from an or-
der of the Knox Circuit Court holding that
she is not a victim of domestic violence
pursuant to Kentucky Revised Statutes
(KRS) 439.3401(4), and therefore does not
qualify for the exception to the require-
ment that a violent offender serve fifty
percent (50%) of an imposed sentence be-
fore becoming eligible for parole. We af-
firm.

On June 23, 1994, sixteen-year-old Shel-
ton stabbed Ned Stewart to death with a
knife and fled from his house with a dia-
mond ring and $146.00 in cash. The case
was transferred from the juvenile division
of the Knox District Court to Knox Circuit
Court, where appellant was indicted for
murder and first-degree robbery. On May
15, 1995, the day the trial was set to
commence, appellant entered a guilty plea
to the amended charges of manslaughter
in the first degree[1] and theft by unlawful
taking over $300.00. In exchange for this

---

1. Manslaughter in the first degree is a Class B    felony.

plea, the Commonwealth recommended sentences of 15 years and 2 1/2 years, respectively, with the sentences to run concurrently. As a juvenile youthful offender, appellant was imprisoned in a juvenile facility until she reached the age of eighteen, at which time she returned to Knox Circuit Court for re-sentencing.

A pre-sentence investigation report prepared prior to appellant's original sentencing revealed that she came from what can only be described as a "dysfunctional" family. Her parents never married, and her mother had "a succession of paramours." Appellant was allowed to marry at the age of 13. She had a history of truancy, was last enrolled in eighth grade, and did not complete elementary school requirements. She had a juvenile record in Madison and Knox Counties, Kentucky, and a juvenile charge in Ohio that apparently was never adjudicated. She had a history of substance abuse, had twice attempted suicide, and had been a victim of sexual abuse in her home.

Appellant provided her own version of the events leading up to Stewart's death in the pre-sentence investigation. She stated that on June 18 Rex Rice, her mother's live-in boyfriend, had beaten her mother so severely that emergency resuscitation procedures were required. Rice had also beaten appellant in the past. Appellant remained at the hospital with her mother for three days, when her mother left the hospital against the doctor's advice and returned to Rice. On the morning of the stabbing, Rice and appellant argued, culminating in Rice kicking appellant out of the house, although her mother remained.

Appellant and Ernest Collins then proceeded to Stewart's home. Stewart gave appellant money for food, but requested that appellant turn over her car keys. Appellant claims that Stewart, who was confined to a wheelchair, was unclothed from the waist down the entire time, and that he also asked for sex in exchange for the money. She also alleges that they had been having sexual relations since she was

fifteen. Appellant took the money outside to Collins, who was waiting in the car. When appellant returned to the home, Stewart had concealed the car keys. An argument ensued, concluding with appellant pulling Stewart from the wheelchair and stabbing him to death with a pocketknife. She covered the body with an afghan, found her car keys, took a diamond ring and some cash, and left.

When appellant was brought back to the Knox Circuit Court for re-sentencing after her eighteenth birthday, she asked the court to find that she was a domestic violence victim under the exception to KRS 439.3401, and therefore not required to serve the statutorily mandated amount of her sentence before being eligible for parole. KRS 439.3401 reads in pertinent part as follows:

(1) As used in this section, "violent offender" means any person who has been convicted of or pled guilty to the commission of a capital offense, Class A felony, or Class B felony involving the death of the victim....

\*       \*       \*       \*       \*       \*

(3) A violent offender who has been convicted of a capital offense or Class A felony with a sentence of a term of years or Class B felony who is a violent offender shall not be released on parole until he has served at least fifty percent (50%) of the sentence imposed.

(4) This section shall not apply to a person who has been determined by a court to have been a victim of domestic violence or abuse pursuant to KRS 533.060 with regard to the offenses involving the death of the victim....

The trial court denied her motion. This appeal followed.

Appellant asserts that the language "with regard to the offenses involving the death of the victim" is broad enough to encompass a situation in which a person, acting under emotions incited by an immediately preceding act of domestic violence, commits an act of violence against a third

person. She claims that the violent encounter with Rice on the morning of Stewart's death caused her to kill Stewart while acting under extreme emotional disturbance; thus she was a victim of domestic violence "with regard" to the crime committed.

Appellant's reasoning is based on an incomplete reading of the statute. The court must determine that an individual is a victim of domestic abuse "pursuant to KRS 533.060 with regard to the offenses involving the death of the victim." KRS 533.060 reads in relevant part as follows:

(1) When a person has ... entered a plea of guilty to an offense classified as a Class A, B, or C felony and the commission of the offense involved the use of a weapon from which a shot or projectile may be discharged that is readily capable of producing death or other serious physical injury, the person shall not be eligible for probation, shock probation, or conditional discharge, except when the person establishes that the person *against whom the weapon was used had previously or was then engaged in an act or acts of domestic violence and abuse* as defined in KRS 403.720 *against either the person convicted or a family member* ... of the person convicted. If the person convicted claims to be exempt from this statute because that person was the victim of domestic violence and abuse as defined in KRS 403.720, the trial judge shall conduct a hearing and make findings to determine the validity of the claim and applicability of this exemption. The findings of the court shall be noted in the final judgment.

(Emphasis added.)

*Commonwealth v. Anderson,* Ky., 934 S.W.2d 276 (1996), held that a trial court must determine whether an individual is a victim of domestic violence by a preponderance of the evidence, and appellant relies on this to support her argument that she was a victim of domestic violence. *Anderson,* however, is inapposite. The trial court found that appellant was a witness to acts of domestic violence committed against her mother by Rex Rice. The Commonwealth concedes in its brief to this Court that appellant was in fact a victim of domestic violence committed not only by Rice, but also by appellant's mother. But as the trial court stated in its order denying appellant's motion, "[t]he defendant did not kill Rex Rice, she killed Ned Stewart."

■ The exception defined in KRS 533.060 is applicable when the victim of the crime is the perpetrator of the domestic violence. We do not believe the legislature intended KRS 439.3401(4) to be interpreted in the expansive manner appellant suggests. As the Commonwealth notes, such an all-encompassing interpretation of the domestic violence victim exception could lead to the absurdity of benefitting the domestic abuser who kills his victim, allowing the abuser to later claim that the crime was committed "with regard" to the domestic abuse. The statutes provide leniency for the domestic violence victim who strikes back at an abuser by removing the "violent offender" status from the offense and allowing that the offender be eligible for parole as specified in KRS 439.340. KRS 439.3402(8). They do not, however, afford that leniency to a victim who takes action against a third party.

■ Alternatively, appellant asserts that she was also a victim of domestic violence at the hands of Ned Stewart, claiming that their sexual relationship and her occasional work as housekeeper for him made them an "unmarried couple" as defined in KRS 403.720, and further alleging that Stewart raped and sexually abused her. This claim on appeal directly contradicts appellant's argument to the trial court. In her motion for the trial court to reconsider its determination that she was not a victim of domestic violence and abuse, appellant stated the following:

Although the domestic violence and abuse was carried out against her, and against her family was [sic] by Rex Rice,

and others, certainly, her victimization by Ned Stewart for an extended period of time is a factor in which [sic] the Court should consider. *Although it is not domestic abuse as defined by statute,* it certainly was a criminal offense, at least prior to her 16th birthday for Mr. Stewart to have engaged in any sexual relations with her of which there is ample evidence that he did. . . .

(Emphasis added.) The argument presented to this Court—that appellant was a victim of domestic abuse at the hands of Stewart—was not made to the trial court. In fact, it stands in stark contrast to the argument made below. An appellate court will not consider a theory unless it has been raised before the trial court and that court has been given an opportunity to consider the merits of the theory. *Hopewell v. Commonwealth,* Ky., 641 S.W.2d 744, 745 (1982). "Regardless of the merits of this argument, these grounds, being different from those asserted in the court below, are not properly preserved for appellate review." *Daugherty v. Commonwealth,* Ky., 572 S.W.2d 861, 863 (1978).

The order of the Knox Circuit Court is affirmed.

ALL CONCUR.