**Cassandra Hill HOLLAND, Appellant,**

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

**No. 2004–CA–001986–MR.**

Court of Appeals of Kentucky.

Dec. 22, 2005.

Discretionary Review Denied
June 7, 2006.

Case Ordered Published by
Supreme Court June 7, 2006.

---

Linda Roberts Horsman, Frankfort, KY, for appellant.

Lisa A. Beran, Frankfort, KY, for Amicus Curiae Kentucky Domestic Violence Association.

Gregory D. Stumbo, Attorney General of Kentucky, James C. Shackelford, Assistant Attorney General, Frankfort, KY, for appellee.

Before BUCKINGHAM and McANULTY, Judges; and PAISLEY, Senior Judge.[1]

## OPINION

McANULTY, Judge.

Appellant Cassandra Holland was convicted by a McCracken County jury of manslaughter in the first degree and arson in the third degree. The facts at trial showed that appellant set her husband on fire by throwing gasoline on him and lighting it with a match. The sole issue appealed is whether appellant should be considered a violent offender for purposes of limiting her parole eligibility, KRS 439.3401, or whether she is exempted from that status by virtue of being a victim of domestic violence. Appellant, and the Kentucky Domestic Violence Association as amicus curiae, assert that she is precisely the type of individual the General Assembly had in mind when it established that domestic violence victims who kill their abusers are exempt from the parole restrictions of the violent offender statute.

The trial court found that the statutory exception could not be applied to appellant's offense because of the statute's reference to KRS 533.060 which indicates that appellant could only benefit from it if she had used a weapon in causing the death of her husband, L.J. For purposes of appeal the trial court made an additional factual finding. The court concluded that

there was definitely a history of domestic violence and/or abuse between appellant and L.J. throughout their marriage but, under *Commonwealth v. Vincent,* 70 S.W.3d 422 (Ky.2002), this fact alone did not make appellant eligible for the violent offender exception. The court found there was evidence to show that appellant set fire to L.J. in his sleep, and so she "did not establish that she was a victim of domestic violence at the time she committed the offense."

We conclude that these assumed disqualifications are a result of an over-technical reading of the statutes and case law which do not promote the purpose of the legislative enactment at issue. Instead, we believe that appellant may qualify under the domestic violence exemption of KRS 439.3401(5), for the reasons which follow. We remand for the trial court to make a further determination of her status.

A person who is determined to be a violent offender, and who has been convicted of a class B felony as appellant was, shall not be eligible for parole or probation until having served 85% of her sentence. KRS 439.3401(1, 3). But under KRS 439.3401(5), that rule does not apply to a person who was determined by a court to have been a victim of domestic violence pursuant to KRS 533.060. KRS 533.060(1) is in the penal code chapter on Probation and Conditional Discharge, and bars probation or conditional discharge to persons convicted of using a firearm in the commission of an offense. It contains the following exclusion:

except when the person establishes that the person against whom the weapon was used had previously or was then engaged in an act or acts of domestic violence and abuse as defined in KRS

---

1. Senior Judge Lewis G. Paisley sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

403.720 against either the person convicted or a family member as defined in KRS 403.720 of the person convicted. If the person convicted claims to be exempt from this statute because that person was the victim of domestic violence and abuse as defined in KRS 403.720, the trial judge shall conduct a hearing and make findings to determine the validity of the claim and applicability of this exemption. The findings of the court shall be noted in the final judgment.

The trial court interpreted the above statutory exception to mean that appellant could not be considered a victim of domestic violence under KRS 439.3401(5) because her offense did not involve the use of weapon.

Appellant argues that this construction of the statutes is absurd and clearly erroneous. The Commonwealth argues that the trial court was correct because the General Assembly only intended to extend this leniency to domestic violence victims who use a gun against their abusers.[2] The Commonwealth contends that had the legislature intended to broaden the exclusion it would have done so in KRS 439.3401 or simply referred to the definition of domestic violence and abuse in KRS 403.720(1).

We are guided by three principles of statutory construction in our decision. First, a court's duty in construing statutes is to ascertain and give effect to the intent of the General Assembly. *White v. Check Holders, Inc.*, 996 S.W.2d 496, 497 (Ky. 1999). When the statutory language is unclear or the intent of the General Assembly cannot be discerned from the face

of the statute, outside sources, such as legislative history, can be used for guidance. *Id.*

 The second principle is that "[d]oubts in the construction of a penal statute will be resolved in favor of lenity and against a construction that would produce extremely harsh or incongruous results or impose punishments totally disproportionate to the gravity of the offense[.]" *Commonwealth v. Colonial Stores, Inc.*, 350 S.W.2d 465, 467 (Ky.1961). Third, a court must not interpret a statute so as to bring about an absurd or unreasonable result. *Williams v. Commonwealth*, 829 S.W.2d 942 (Ky.App.1992).

The violent offender statute is not concerned with weapons. Further, it provides leniency for the domestic violence victim who strikes back at an abuser by removing the "violent offender" status from the offense and allowing the offender to be eligible for parole as specified in KRS 439.340. *Shelton v. Commonwealth*, 992 S.W.2d 849, 851 (Ky.App.1998). We agree with appellant that the trial court's and Commonwealth's construction of the statute is disproportionately harsh, leads to an absurd result, and does not conform to the intent of the legislature.

We think it would be absurd to reduce a person's parole as a victim of domestic violence only if she has the foreknowledge to use a gun in committing an offense. The reason for the reference to weapons in KRS 533.060 is to provide an exemption from the statute which disallows probation to offenders who use a weapon—a restriction which has no equivalent in the parole statutes. The person's status as a victim

---

**2.** Indeed, the Commonwealth argues that the limitation on the weapon is logical because a person who is truly being abused is more likely to use a gun than another kind of weapon. The Commonwealth cites no authority for this assertion. Conversely, appellant cites

statistics that, while not directly on point, call the Commonwealth's unsupported conclusions into question. Thus, we found none of the Commonwealth's argument to be logical or persuasive.

of domestic violence is not dependent on the presence or absence of a weapon. In fact, not only is this absurd, but it could have the unintended effect of encouraging gun violence—a potentially unreasonable result.

■ It is elementary that each section of a legislative act should be read in light of the act as a whole; with a view to making it harmonize, if possible, with the entire act, and with each section and provision thereof, as well as with the expressed legislative intent and policy. *Frankfort Publ. Co., Inc. v. Kentucky State Univ. Found., Inc.*, 834 S.W.2d 681, 682 (Ky. 1992). We conclude that the statutes are readily harmonized if we interpret KRS 439.3401 as only referencing that part of KRS 533.060 having to do with the procedures for determining whether a person is a victim of domestic violence.

Having reconciled the statutes thus, it is apparent that appellant is eligible to be considered for exception in KRS 439.3401(5). The question remains whether the trial court properly adjudged that she did not fit within the exception under the particular facts of her case.

■ The standard of our review of the trial court's determination whether the defendant established that she was a victim of domestic violence is "clearly erroneous." *Commonwealth v. Anderson*, 934 S.W.2d 276, 278–79 (Ky.1996). The trial court's standard in adjudging whether the defendant has established that she is a victim of domestic violence is whether it was shown by a preponderance of the evidence. *Id.* at 278. The fact-finder must believe from the evidence that the defendant more likely than not was a victim of domestic violence. *Id.*

■ Appellant argues that she clearly showed that she was a victim of domestic violence and the court took judicial notice

of that. Furthermore, she testified at trial that L.J. was abusing her when she set fire to him. The Commonwealth argues that the trial court properly ruled against the exception since the jury did not acquit appellant on her self-protection defense. As the amicus brief aptly points out, however, defendants who are *acquitted* have no need of the probation and parole exclusions afforded to domestic violence victims by the General Assembly. The General Assembly thus obviously intended to provide leniency to victims who could not establish self-defense. The class of defendants raising allegations of domestic abuse under these statutes "is provided multiple opportunities to raise the abuse in mitigation of their criminal conduct." See generally, Sue McClure, Note, *The Battered Woman Syndrome and the Kentucky Criminal Justice System: Abuse Excuse or Legitimate Mitigation?*, 85 Ky. L.J. 169 (1996–1997). We agree that these statutes are intended to give domestic violence victims additional opportunities to secure leniency beyond the defenses they might raise at trial. Thus, the jury verdict is not conclusive of the inquiry of whether a defendant can establish that she was a victim of domestic violence.

■ The trial court is correct, nevertheless, that a history of domestic violence is not the ultimate issue. "[A] prior history of domestic violence between a violent crime victim and the criminal defendant who perpetrated the violent offense does not, in and of itself, make the defendant eligible for the parole exemption of KRS 439.3401(5)." *Commonwealth v. Vincent*, 70 S.W.3d at 425. In *Vincent*, the Supreme Court stated that the statute requires the existence of a relationship between the domestic violence or abuse and the underlying offense. *Id.* at 424. The Court found that, unlike the probation exception for domestic violence victims in

KRS 533.060(1) which does not require any connection between the commission of the offense and the history of domestic violence between them, the language of the parole statute requires a connection or relationship. The Court noted that in *Vincent* the defendant offered "absolutely no evidence" to connect the shooting to the history of violence between her and her spouse by asserting that the shooting was accidental. *Id.* at 425.

In the case at bar, appellant certainly attempted to connect the crime in this case with her history of domestic violence. Yet the trial court concluded that she was not a victim of domestic violence. The court cited the evidence from the coroner's office that at the time the victim was set on fire he was in a seated position with this arms folded, possibly in a sleeping position. The court also cited L.J.'s statements at the hospital that he was asleep when it happened.[3]

■ Even given these contrary facts, however, there was still other evidence to connect the reason for appellant's fatal attack to the history of domestic violence. Psychiatrist Dr. Frank Deland concluded in his report that appellant's actions appeared to be the result of suffering from post-traumatic stress disorder for a number of years and a depersonalization event during the time of the offense.

*Vincent* makes no more requirement than that the evidence *connect* the crime and the abuse. KRS 439.3401 requires that the defendant have been a victim of domestic violence or abuse "with regard to the offenses." KRS 533.060 states that the domestic violence exception applies when the victim of the offense "had previ-

ously or was then engaged in an act or acts of domestic violence and abuse ... against either the person convicted or a family member." We do not conclude, as the trial court did, that the statute and *Vincent* require that the domestic abuse have been contemporaneous with the offense for which the defendant was charged. Under these statutes, we do not regard it as necessary for the trial court to find that L.J. was physically abusing Holland at the time of her offense. Therefore, we do not believe it was fatal to Holland's cause that the trial court believed the evidence that L.J. was seated when Holland committed the offense against him.

The "battered woman syndrome" "tends to explain why a person suffering from the syndrome would not leave her mate and would be driven by fear of continuing episodes of increased aggression against herself to perceive certain conduct was necessary in her self-defense, even though another person not suffering from such a condition might believe or behave differently." *Commonwealth v. Rose,* 725 S.W.2d 588, 590–591 (Ky.1987). In general, the legislative enactment relating to domestic violence victims is intended to provide leniency to persons for whom the traditional notions of self-defense do not apply. Thus, we do not believe that eligibility for the exemption to the violent offender statute needs to be looked at in the same way that a self-defense provision would be, in which it must be established that the abuse was contemporaneous with the offender's crime. In fact, because it relates only to parole, it seems to anticipate those situations in which the person could not establish self-defense and was

---

**3.** Appellant argues that these statements should not be considered because they were inadmissible hearsay. Although we agree that these declarations were not statements for the purposes of medical treatment pursu-

ant to KRE 803(4), we believe that the Commonwealth properly established that these were dying declarations pursuant to KRE 804.

denied probation. See McClure, Note, 85 Ky.L.J. at 192.

The court in this case found that there was a history of domestic violence, but inferred from the evidence that L.J. was seated that it was not ongoing at the time of the appellant's offense. We believe that the statutes require a lesser showing of connection than proof that appellant was undergoing physical abuse at that time. The trial court should look at the totality of the evidence to determine if some connection was shown.

Therefore, we vacate the trial court's order as it relates to the violent offender statute and remand for rehearing considering the factors enunciated herein.

PAISLEY, Judge, Concurs.

BUCKINGHAM, Judge, Dissents and Files Separate Opinion.

BUCKINGHAM, Judge, Dissenting and Filing Separate Opinion:

While I agree with the majority's analysis of the first issue, I disagree with its analysis of the second issue. Thus, I respectfully dissent.

As for the majority's analysis of the first issue, I agree that KRS 439.3401(5) only references that part of KRS 533.060 that concerns the procedures for determining whether a person is a victim of domestic violence.

As for the majority's analysis of the second issue, it assumes the trial court concluded that the *Vincent* case requires the abuse to be contemporaneous with the offense for which the defendant was convicted before the domestic violence exception to KRS 439.3401(5) applies. I do not read the trial court's ruling in that manner. Rather, I believe the trial court merely determined factually that there was an insufficient connection between the

domestic violence and the crime to warrant the application of the domestic violence exception under KRS 439.3401(5). In other words, the trial court rejected Holland's testimony. I conclude that the trial court's determination was not clearly erroneous in this regard and that we should affirm for that reason. *See Anderson*, 934 S.W.2d at 278–79.