RENDERED: MARCH 1, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

**ORDERED PUBLISHED: MARCH 29, 2024; 10:00 A.M.**

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0320-MR

KENTUCKY STATE UNIVERSITY
FOUNDATION, INC.                                                APPELLANT


|          | APPEAL FROM FRANKLIN CIRCUIT COURT |
|----------|-----------------------------------|
| v.       | HONORABLE PHILLIP J. SHEPHERD, JUDGE |
|          | ACTION NO. 21-CI-00798 |


FRANKFORT NEWSMEDIA, LLC                                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND JONES, JUDGES.

ACREE, JUDGE: Appellant, Kentucky State University Foundation, Inc., appeals

the Franklin Circuit Court's orders granting summary judgment and attorneys' fees

in favor of Appellee, Frankfort Newsmedia, LLC. For the following reasons, we

affirm.

## BACKGROUND

In May 2021, Austin Horn, a *State Journal* reporter, submitted an open records request to Appellant. He sought records relating to "payments made to a specific individual for a two-year period, as well as 'payments made for the purposes of parties celebrating [that same individual's] birthday.'" (Record (R.) at 55.) Appellant did not produce the documents requested, claiming it was not a public agency bound to follow the requirements of KRS[1] 61.872, a part of Kentucky's Open Record Act. Pursuant to KRS 61.880, Appellee then went to the Attorney General to challenge Appellant's claim that it was not a public agency. On September 23, 2021, the Attorney General issued his order, 21-ORD-179, finding that Appellant was a public agency under KRS 61.870(1)(i) ("'Public agency' means: . . . [a]ny entity where the majority of its governing body is appointed by a public agency . . . ."). (R. at 55.) Additionally, the Attorney General indicated the Kentucky Supreme Court had already determined Appellant to be a public agency in *Frankfort Publishing Company, Inc. v. Kentucky State University Foundation, Inc.*, 834 S.W.2d 681 (Ky. 1992). (R. at 55.)

In response to the Attorney General's order, Appellant initiated this lawsuit on October 22, 2021, in the Franklin Circuit Court seeking a declaratory judgment concerning its status as a public agency. Appellant, in its complaint,

---

[1] Kentucky Revised Statutes.

stated its purpose is to "receive contributions, gifts, grants, devises, and bequests for the benefit of Kentucky State University . . . ." (R. at 3.) Appellee responded to the complaint with a counterclaim seeking a declaratory judgment that Appellant is a public agency that must comply with open record requests.

After discovery, Appellee filed a motion for summary judgment and the Franklin Circuit Court granted that motion in favor of Appellee. The circuit court agreed with the Attorney General that Appellant met the definition of a public agency pursuant to KRS 61.870(1)(i), but also found Appellant met the definition in KRS 61.870(1)(j) ("'Public agency' means: . . . [a]ny board, commission, committee, subcommittee, ad hoc committee, advisory committee, council, or agency, except for a committee of a hospital medical staff, established, created, and controlled by a public agency . . . .").

Additionally, the circuit court found the Appellant willfully withheld the requested records and, pursuant to its discretion granted by KRS 61.882(5), awarded Appellee its attorneys' fees and costs.

This appeal now follows.

## STANDARD OF REVIEW

A circuit court properly grants summary judgment "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." CR[2] 56.03. "An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exist[ed] and the moving party was entitled to judgment as a matter of law." *Feltner v. PJ Operations, LLC*, 568 S.W.3d 1, 3 (Ky. App. 2018). Thus, appellate courts review a circuit court's summary judgment *de novo*. *Cmty. Fin. Servs. Bank v. Stamper*, 586 S.W.3d 737, 741 (Ky. 2019).

However, "where the movant shows that the adverse party could not prevail under any circumstances" summary judgment is appropriate. *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "[A] party opposing a properly supported summary judgment motion cannot defeat that motion without presenting at least some affirmative evidence demonstrating that there is a genuine issue of material fact requiring trial." *Hubble v. Johnson*, 841 S.W.2d 169, 171 (Ky. 1992) (citing *Steelvest*, 807 S.W.2d at 480). A court must reasonably construe all facts in the light most favorable to the non-moving party. *Schmidt v. Leppert*, 214 S.W.3d 309, 311 (Ky. 2007).

## ANALYSIS

Appellant alleges the circuit court erred in two ways. First, it alleges the circuit court erroneously concluded Appellant met the definition of public

---

[2] Kentucky Rules of Civil Procedure.

agency under KRS 61.870(1)(j).  Second, it alleges the circuit court abused its

discretion when it awarded attorneys' fees.  We will address each argument in turn,

but we will begin with one argument not made on appeal.

**1.** ***Appellant waived assignment of error by the circuit court that it was a public agency pursuant to KRS 61.870(1)(i).***

The circuit court found no genuine dispute regarding certain facts.

One of those unchallenged facts is how the majority of Appellant's governing

body, the Board of Trustees, is appointed.  Citing Appellant's organizational

documents, the circuit court said:

> Initially, the KSU Foundation's Board of Trustees
> consisted of the University's President, the President of
> the University's Alumni Association, and the Chairman
> and Vice Chairman of the University's Board of Regents,
> individuals which are all "member[s] or employee[s]" of
> the University, a "public agency," under KRS
> 61.870(1)(i).

(Judgment, R. at 502.)  The court similarly found no genuine issue regarding the

fact that this original Board of Trustees was "tasked with electing all future

members of the Board of Trustees" and although the articles were later amended,

the "Board of Trustees was still tasked with electing all future members of the

Board of Trustees."  (*Id.*)  Then, applying the law as articulated in *University*

*Medical Center, Inc. v. American Civil Liberties Union of Kentucky, Inc.*, the

circuit court concluded "each time a member of the Board of Trustees was

-5-

appointed, he or she was appointed by a public agency." (*Id.* (citing 467 S.W.3d 790, 800 (Ky. App. 2014))).

Appellant does not assign error to the circuit court's determination of the lack of any genuine issue of these material facts and does not challenge the ruling based on KRS 61.870(1)(i), either by raising it in the Prehearing Statement or by challenging the ruling in Appellant's brief.

"As a general rule, assignments of error not argued in an appellant's brief are waived." *Cherry v. Augustus*, 245 S.W.3d 766, 780 (Ky. App. 2006) (citing *Commonwealth v. Bivins*, 740 S.W.2d 954, 956 (Ky. 1987); *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 815 (Ky. 2004) ("Wilder failed to address this discovery request in his brief, which we read as a waiver of this issue.")).

Although summary judgment review requires the appellate court's examination of the record to determine for itself whether there are genuine issues of material fact, any such obligation is satisfied when the failure of the party challenging the summary judgment constitutes waiver. We cannot make a party's argument for him and will not search the record to prove it. *Harris v. Commonwealth*, 384 S.W.3d 117, 130-31 (Ky. 2012).

However, our *de novo* review allows this Court to apply the law to facts not in dispute or waived and determine for itself whether Appellant is a public agency under any subsection of the applicable statute. Given these

undisputed and waived facts, we conclude that: Appellant was created as a public agency by a public agency; therefore and thereafter, Appellant, a public agency, empowered its public agency board members to perpetuate its existence by selecting successor boards in a way that, to quote the circuit court again, "does not . . . break the chain of appointment by a public agency." (R. at 502.)

We conclude Appellant is a public agency pursuant to KRS 61.870(1)(i) because it is an "entity where the majority of its governing body is appointed by a public agency . . . ."

2. ***Appellant is controlled by a public agency and, therefore, is a public agency pursuant to KRS 61.870(1)(j)***.

Appellant argues it does not meet the definition of a public agency because it is not *controlled* by a public agency as is the requirement of KRS 61.870(1)(j) (entity is a public agency if it is "controlled by a public agency . . . ."). We disagree.

To begin, there is no dispute that Kentucky State University established and created Appellant, and Appellant characterizes itself as existing solely for the benefit of Kentucky State University. To that end, Kentucky State University and Appellant executed a Memorandum of Understanding (MOU) on March 11, 2019, the purpose of which was "to advance the mission of Kentucky State University." (R. at 133.) The MOU further states: "[Appellant] exists to raise and manage private resources supporting the mission and priorities of the

-7-

University." (R. at 133.) And, "[Appellant] is dedicated to assisting the University in the building of permanently restricted, temporarily restricted, and unrestricted funds and in addressing, through financial support, the long-term-academic and other priorities of the University." (R. at 133.)

A review of the MOU shows that nearly every contractual obligation undertaken by Appellant is for the benefit and priorities of Kentucky State University. The MOU does not contemplate Appellant having its own separate interests or missions; Appellant's mission is Kentucky State University's mission – whatever the university chooses for that mission to be. Then, it is the contractual responsibility of the President of Kentucky State University to "communicat[e] the Kentucky State University's priorities and long-term plans, as approved by Kentucky State University Board of Regents, to [Appellant]." (R. at 134.) Those priorities, as determined by the Board of Regents, must then be contractually followed as outlined on the first page of the MOU. (R. at 133.)

Appellant argues the circuit court placed undue weight on those above-mentioned sections of the MOU, failing to properly focus on the sections of the MOU outlining Appellant's independence from the university. It is true, the MOU explicitly states that Appellant is to manage its funds independently, as well as hire, compensate, and evaluate its own employees. For its affirmative evidence on summary judgment, Appellant points to an affidavit submitted by Donald W.

Lyons, Appellant's Executive Secretary, in which he states "[Kentucky State University] does not direct the management or policies of [Appellant]." (R. at 461.) Additionally, Lyons states all funds are controlled solely by Appellant's Board of Trustees, and Appellant files its own taxes. (R. at 460.)

However, based on the MOU, Appellant's goals are set by Kentucky State University's Board of Regents and the benefactors of Appellant's funds are who the university says they are. Its independent internal management policies may not be expressly restricted by the university, but those policies are impliedly restricted to pursuing the goals set by the university and Appellant's failure to pursue those goals will breach the MOU. In this way, too, Kentucky State University does control Appellant, even if loosely, in its internal management and policies. The MOU identifies no reason for Appellant's existence apart from supporting the university.

Even Appellant's tax-exempt status under 26 U.S.C.[3] § 501(c)(3) is secured by its relationship to Kentucky State University. (R. at 47-48.) To preserve that status, Appellant's organizational documents provide for a contingency "if at any time the Foundation is declared a 'private foundation' as

---

[3] United States Code.

-9-

defined in 26 U.S.C. § 590(a)[4] . . . ." (R. at 48.) The organizational documents state that upon Appellant's dissolution, "its assets shall be distributed to Kentucky State University . . . ." (R. at 48.) These are just examples of the ways the university controls Appellant "through practices surrounding the receipt and disbursement of Foundation funds." (R. at 500.)

We are not persuaded by Appellant's argument that the circuit court's failure to define control precludes it from concluding the university controlled Appellant. Appellant is correct that the General Assembly did not define control in KRS 61.870(1)(j). The General Assembly often leaves terms undefined. But there is no ambiguity in KRS 61.870(1)(j) requiring us to engage in a different defining of the word control beyond applying its common, lay understanding, *i.e.*, the meaning of control as used in its everyday sense. KRS 446.080(4).

Reading the word "control" in its ordinary sense, and in the context of the Open Records Act, we note that Appellant's goals and mission are set by the university's Board of Regents and then communicated to Appellant through the university's president. Appellant has no corresponding power to set the goals, priorities, or missions of the university, and thus, the university controls Appellant.

---

[4] Obviously, this is a typographical error. There is no section 590 in Title 26 of the United States Code. Certainly, Appellant's Amended Articles of Incorporation intended to cite 26 U.S.C. § 509, entitled "Private foundation defined."

-10-

Even Appellant's day-to-day operations must be undertaken within bounds established by the MOU.

Both parties direct this Court's attention to *Frankfort Publishing Company v. Kentucky State University Foundation, Inc.*, 834 S.W.2d 681 (Ky. 1992). In that case, the Kentucky Supreme Court determined Appellant to be a public agency under an older version of KRS 61.870. In 1992, KRS 61.870 read:

> "Public agency" means every state or local officer, state department, division, bureau, board, commission and authority; every legislative board, commission, committee and officer; every county and city governing body, council, school district board, special district board, municipal corporation, court or judiciary agency, and any board, department, commission, committee, subcommittee, ad hoc committee, council or agency thereof; and any other body which is created by state or local authority in any branch of government or which derives at least twenty-five (25) percent of its funds from state or local authorities.

*Frankfort Publ'g Co.*, 834 S.W.2d at 682. When the statute was amended in 1992, the last part of the definition – 25% of funds from government – was eliminated. The argument that Appellant no longer satisfies that definition of a "public agency" is a straw-man argument.

We conclude there exists no genuine issue as to any material fact concerning whether Appellant is a public agency under KRS 61.870(1)(i) and (1)(j). The circuit court properly granted summary judgment in favor of Appellee.

**3.** ***The circuit court's finding Appellant willfully withheld documents was not clearly erroneous and its discretion to award attorneys' fees was not abused***.

After granting summary judgment, the circuit court ordered Appellant to pay Appellee its attorneys' fees. Appellant argues it did not act in bad faith when it refused to produce the requested public records and challenges the circuit court's finding that such failure was willful and that awarding attorneys' fees after such finding was an abuse of discretion. We disagree.

The most recent jurisprudence on this issue is *City of Taylorsville Ethics Commission v. Trageser*. We quote that opinion at length.

> KRS 61.882(5) governs the award of attorney's fees, costs, and penalties in ORA actions. It provides:
>
> > Any person who prevails against any agency in any action in the courts regarding a violation of KRS 61.870 to 61.884 may, upon a finding that the records were willfully withheld in violation of KRS 61.870 to 61.884, be awarded costs, including reasonable attorney's fees, incurred in connection with the legal action. If such person prevails in part, the court may in its discretion award him costs or an appropriate portion thereof. In addition, it shall be within the discretion of the court to award the person an amount not to exceed twenty-five dollars ($25) for each day that he was denied the right to inspect or copy said public record. Attorney's fees, costs, and awards under this subsection shall be paid by the agency that the court determines is responsible for the violation.
>
> *Id.*

"A public agency's mere refusal to furnish records based on a good faith claim of a statutory exemption, which is later determined to be incorrect, is insufficient to establish a willful violation of the Act." *Bowling v. Lexington-Fayette Urban County Government*, 172 S.W.3d 333, 343 (Ky. 2005) (citation omitted). "More is required to trigger this sanction [under KRS 61.882(5)] than the erroneous denial of an ORA request." *City of Fort Thomas* [*v. Cincinnati Enquirer*], 406 S.W.3d [842,] 854 [(Ky. 2013)]. As used in KRS 61.882(5), "'willful' connotes that the agency withheld requested records without plausible justification and with conscious disregard of the requester's rights." *Id.*

The circuit court's "decision on the issue of willfulness is a finding of fact and, as such, will not be disturbed [on appeal] unless clearly erroneous." *Cabinet for Health and Family Services v. Courier-Journal, Inc.*, 493 S.W.3d 375, 384 (Ky. App. 2016) (quoting *Bowling*, 172 S.W.3d at 343-44). "If the circuit court awards attorneys' fees, costs, or penalties, the amount thereof is within the discretion of the circuit court and may be only disturbed on appeal when an abuse of discretion is manifest." *Id.* (citing *City of Fort Thomas*, 406 S.W.3d at 854).

604 S.W.3d 305, 313 (Ky. App. 2020).

The circuit court's finding of a willful withholding of public documents was not clearly erroneous. Notwithstanding Appellant's protestations, its withholding of public documents was not a "mere refusal to furnish records based on a good faith claim of a statutory exemption, which is later determined to be incorrect" by the circuit court and now this Court. *Id.* (citation omitted). First, a prior Supreme Court ruling – *Frankfort Publishing* – expressly held Appellant to

be a public agency. Second, as the circuit court noted, in addition to ignoring *Frankfort Publishing*, Appellant ignored *Cape Publications, Inc. v. University of Louisville Foundation, Inc.*, 260 S.W.3d 818 (Ky. 2008).

Cape Publications determined the propriety of public access to information regarding donors to the University of Louisville Foundation, Inc., an entity very much like Appellant. *Univ. of Louisville Found., Inc. v. Cape Publications, Inc.*, No. 2002-CA-001590-MR, 2003 WL 22748265, at *7 (Ky. App. Nov. 21, 2003) ("The University of Louisville Foundation is very similar to the KSU Foundation[.]"). The Supreme Court did not address whether that foundation was a public agency because the issue had already been decided by this Court of Appeals. The Supreme Court said only:

> The [circuit] court held that the Foundation is a public agency as defined by KRS 61.870 and that corporate and private foundation donor records are not exempt under the personal privacy exemption. The Foundation disagreed and appealed that portion of the order which declared it a public agency. However, the Court of Appeals affirmed.

*Cape Publications*, 260 S.W.3d at 820-21.

When the issue was before this Court in *Cape Publications*, we decided not to publish the opinion. Regardless, it has been available on every major search platform including the Court of Appeals' own site. *See, e.g.*, *Univ. of Louisville Found., Inc. v. Cape Publications, Inc.*, No. 2002-CA-001590-MR, 2003 WL 22748265, at *1, 2003 Ky. App. Unpub. LEXIS, 1370, *1 (Ky. App. Nov. 21,

2003).  After thorough analysis taking into consideration the changes to KRS 61.870(1), the Court of Appeals still concluded the foundation was controlled by the University of Louisville as defined by KRS 61.870(1)(j).  *Cape Publications*, 2003 WL 22748265, at *8.  When the foundation sought discretionary review on the issue whether it was a public agency, the Supreme Court denied review.  *Id.* ("Discretionary Review Denied by Supreme Court May 12, 2004.").

Perhaps the Supreme Court should have ordered that opinion published but, published or not, it should have been on the radar of every similarly situated foundation in the state, including Appellant.  If Appellant could claim being unaware, Appellee rectified that on May 18, 2022, by including the opinion in its summary judgment motion.  (R. at 106-15.)

Not only do we conclude the circuit court was not clearly erroneous in finding the public documents willfully withheld, we conclude it was not an abuse of discretion to award attorneys' fees under KRS 61.882(5).

Furthermore, Appellee asks relief in the form of a "remand [of] the matter to the trial court for a supplemental award of fees incurred in this appeal." We agree and, consistently with *Trageser*:

> we remand this matter to the circuit court for a supplemental award of attorney's fees and costs incurred on appeal.  Under KRS 61.882(5), upon a showing of a willful withholding, [the party seeking records] is entitled to any fees and costs "incurred in connection with the legal

action," which would necessarily include fees and costs incurred in defending the judgment on appeal.

*Trageser*, 604 S.W.3d at 314-15.

## **CONCLUSION**

Summary judgment is affirmed, and the matter is remanded for determination of an award of supplemental attorneys' fees and costs.

ALL CONCUR.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

Edwin A. Logan
Frankfort, Kentucky

Kevin Chlarson
Louisville, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEE:

Jeremy S. Rogers
Suzanne Marino
Louisville, Kentucky