**Ronnie SMITH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

June 13, 1978.

Jack E. Farley, Public Advocate, M. Gail Robinson, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

This is an appeal from a judgment of the Breathitt Circuit Court finding the appellant guilty of murder and fixing his punishment at life in the penitentiary. In January, 1977, the appellant and his cohort, Clyde Watkins, who are first cousins, killed Richard Hicks and dumped his body down a coal tipple chute. The appellant pled not guilty. On August 15, 1977, the day of trial, appellant withdrew his not-guilty plea and entered a plea of guilty. The Commonwealth's Attorney requested that the penalty be fixed by a jury. No objection was made by counsel for appellant, and the court proceeded to impanel a jury for that purpose. Counsel for appellant made his statement to the jury. Thereafter, counsel for the Commonwealth made his presentation to the jury. The jury retired to the jury room for deliberation and, thereafter, returned to the courtroom with a verdict

fixing the appellant's penalty at life imprisonment.

■ On August 18, 1977, counsel for appellant filed a motion and grounds for new trial, which was overruled, and on September 13, 1977, judgment was entered. On September 23, 1977, the appellant filed a notice of appeal to the Court of Appeals of Kentucky. It should have been to the Supreme Court of Kentucky, not to the Court of Appeals. Ky.Const. § 110(2)(b). We have decided to waive the error and take jurisdiction. Two alleged errors are set out in the motion and grounds for a new trial. First, the appellant charges that the life sentence imposed by the jury is cruel and unusual considering his age and his guilty plea, and secondly, he charges that the court did not properly arrange the arguments of counsel pursuant to the guilty plea. Neither of these alleged errors has been presented on this appeal; consequently, they will be deemed to have been waived. RAP 1.260; *Gaddie v. Price*, Ky., 528 S.W.2d 708 (1975).

■ On this appeal the appellant argues that the record does not reflect that his plea of guilty was voluntary and intelligently made and that the record does not reflect that he made a knowing waiver of his constitutional rights of confrontation and privilege against compulsory self-incrimination. We note that the allegations of error, as set out in appellant's brief, carefully charge that the record does not reflect that he was properly advised of his constitutional rights before his plea of guilty was received by the trial court. The appellant does not state that the trial judge did not, in truth and in fact, advise him of these rights, merely that the record does not reflect that it was done. Regardless of whether the court adequately advised the appellant of his constitutional rights, we are faced with the proposition that at no time did the appellant complain to the trial court or request that his guilty plea be withdrawn and his plea of not guilty be reinstated. The propriety of the trial court in permitting the withdrawal of appellant's plea of not guilty and in accepting his guilty plea

should have been raised in the lower court and the judge afforded an opportunity to pass on the issue. The trial judge was exceedingly cooperative with the appellant, and it is not beyond cavil that had the appellant sought to withdraw his plea of guilty even after the jury returned its verdict, his motion may have been granted. Granted or not, it would have been given much consideration by the learned trial judge. Therefore, with respect to these alleged errors, it is sufficient answer to say that the trial court was not afforded an opportunity to correct the errors, if any; consequently, this court cannot consider them. *Cole v. Commonwealth*, Ky., 553 S.W.2d 468 (1977).

■ The appellant argues that the trial court erred in not conducting a competency hearing. On March 21, 1977, the appellant was arraigned and pled not guilty. His motion for a psychiatric examination to establish whether he was competent to stand trial was granted. The report dated March 24, 1977, sets out that the appellant is "depressed and would recommend that he be further observed and treated in an appropriate facility for better assessment of his condition." On March 25, 1977, the appellant moved the court for further psychiatric examination, which also was granted. This report, which is dated May 2 and filed on May 3, 1977, discloses that the appellant is competent to stand trial. His discharge summary contains the following statement: "Physical examination was normal and all laboratory tests were reported within normal limits." It goes on to say that the appellant "is not suffering from mental disease or defect, he is not psychotic, he is well aware of the charge against him, understands the court proceedings and is competent to stand trial and aid in his defense."

It appears that the trial court extended every opportunity to the appellant in his effort to establish incompetency to stand trial. The trial court, at the time of trial, was not requested to make any determination of appellant's mental capacity to stand trial, and the record does not reflect any facts that would in and of themselves au-

thorize the court to entertain or conduct a competency hearing. We have long followed the criterion that reasonable grounds must be called to the attention of the trial court by the defendant or must be so obvious that the trial court cannot fail to be aware of them. The record does not reflect such an obvious situation. *Huff v. Commonwealth*, Ky., 560 S.W.2d 544 (1977).

■ Further, the appellant contends that his right of confrontation and due process was violated when the Commonwealth's Attorney stated the evidence to the jury without calling any witnesses. The record reflects that this mode of proceeding was agreed upon by counsel for the Commonwealth and counsel for the appellant. At the time of trial the appellant made no objection to this order of procedure; consequently, it cannot now be brought before this court for consideration. The record reflects that on September 13, 1977, when the trial judge, in the course of his sentencing the appellant, asked the appellant if he had any lawful reason to show why judgment should not be pronounced against him, Mr. Kelly, his attorney, reminded the court that one of the grounds set out in the motion for a new trial was based upon the alleged irregularity in the sequence of presentations to the jury. At that time counsel for appellant moved the court to set aside the sentence and to conduct a trial before a new jury for the purpose of having the sentence fixed. As heretofore pointed out, the motion and grounds for a new trial was overruled by the court. This issue has not been presented for appellate review.

■ Appellant complains that the Commonwealth's Attorney made an inflammatory argument while stating the evidence. The transcript of the statements made by the Commonwealth's Attorney does not show any of them to be inflammatory. However, no objection was made at the time of the presentation by the Commonwealth's Attorney; consequently, it has not been preserved for appellate review by this court. *Luckett v. Commonwealth*, Ky., 550 S.W.2d 517 (1977).

[6] Next, the appellant charges that he was deprived of effective assistance of counsel. This complaint was not presented to the trial court; consequently, it has not been preserved for appellate review. *Huff v. Commonwealth*, supra.

■ Contention is made by the appellant that the trial court failed to follow KRS 532.050 and 533.010 in his sentencing procedure. The record does not bear out this contention. On the contrary, the record does disclose that the proper sentencing procedure was followed.

The judgment is affirmed.

All concur, except STEPHENSON, J., who concurs in result only.