**COMMONWEALTH of Kentucky, Appellant,**

v.

**Terry A. BIVINS, Appellee.**

**No. 87–SC–375–DG.**

Supreme Court of Kentucky.

Dec. 17, 1987.

David L. Armstrong, Atty. Gen., Frankfort, Robert P. Moore, Sp. Asst. Atty. Gen., Calvert & Moore, Madisonville, for appellant.

Ken S. Dean, Madisonville, for appellee.

WINTERSHEIMER, Justice.

This appeal is from an order denying discretionary review in the Court of Appeals.

Originally, the Commonwealth requested discretionary review from an order of the circuit court which reversed a jury verdict of the district court finding Bivins guilty of driving under the influence of alcohol or other intoxicants.

The question is whether the circuit court, acting as a reviewing court, abused its discretion by reversing the district court on an unassigned question of error.

Bivins was convicted by a jury in district court of driving under the influence, escape, resisting arrest and attempted assault. He was not sentenced to any jail time but was fined for the various offenses. On appeal to the circuit court, all convictions were affirmed except for the DUI. This conviction was reversed because the circuit court concluded that a directed verdict of acquittal should have been given. The circuit court then determined that because Bivins had admitted to drinking on the highway, the driving under the influence charge was reduced to drinking on the highway and a conviction for that offense was imposed. The court then ordered a minimum fine of $10.00 for the reduced charge. The Commonwealth was unsuccessful in seeking discretionary review in the Court of Appeals, but this Court granted review.

This Court reverses the order of the Court of Appeals and the decision of the circuit court and reinstates the judgment of conviction rendered by the district court for driving under the influence.

■ Bivins assigned as error to the circuit court two questions: 1) Whether probable cause existed to stop his vehicle; and 2) Whether the trial court erred in overruling his motion to suppress evidence because probable cause did not exist for stopping him. The circuit court found that sufficient evidence existed to submit these questions to the jury but also found that the trial court should have granted the motion for a directed verdict as to the charge of DUI even though Bivins had not assigned the sufficiency of the evidence of his intoxication as error. Normally, assignments of error not argued in an appellant's brief are waived. *Smith v. Commonwealth*, Ky. 567 S.W.2d 304 (1978).

■ The circuit court on its own determined that the evidence was uncontradicted that Bivins had consumed less than one beer prior to being stopped by the constable. The Commonwealth argues that the evidence was in conflict and that Bivins had a .18 on the breathalyzer. After his initial stop, Bivins escaped and was arrested 30 minutes later at his home. He claims that the only beer he had was the one he was consuming while he was driving and which was observed by the officer. He says he drank 6 to 8 beers at home after he escaped. His brother testified that Bivins had not been at home all day. There was also other evidence which would indicate that it was proper to submit the question to the jury whether Bivins was under the influence while driving.

■ The evidence was sufficient to permit the jury to find Bivins guilty. The reviewing court erred in holding there was no evidence of guilt. The reviewing court has no authority to reduce the sentence to a lesser included offense. If it reverses for insufficient evidence to prove the principal charge it must remand for trial of the lesser offense.

■ Under the Judicial Article adopted in 1975 as an amendment to the Kentucky Constitution, circuit courts may review decisions of the district court in an appellate capacity only. The circuit court does not have authority to consider matters on appeal *de novo*. The circuit court acting as an appellate court cannot reevaluate the evidence or substitute its judgment as to the credibility of a witness for that of the trial court and the jury.

■ In the event a circuit court in reviewing a matter from the district court determines that a palpable error which affects the substantial rights of a party has resulted in a manifest injustice the matter may be considered on appellate review even though it was insufficiently raised or preserved and appropriate relief may be granted. RCr 10.26. Here there is no manifest injustice. There is sufficient evidence to support the decision of the jury.

The standards for the application of a directed verdict were not violated. *Commonwealth v. Sawhill*, Ky. 660 S.W.2d 3 (1983). We do not consider that there was a substantial or palpable error in this case. Therefore, the order of the Court of Appeals is reversed, and the decision of the district court trial jury is reinstated.

All concur.