RENDERED: SEPTEMBER 23, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0670-DG

JOSHUA ADKINS                                                                          APPELLANT

v.
ON DISCRETIONARY REVIEW
FROM KENTON CIRCUIT COURT
HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 20-XX-00013

COMMONWEALTH OF KENTUCKY                                                   APPELLEE

OPINION
REVERSING AND REMANDING
WITH DIRECTIONS

** ** ** ** **

BEFORE: DIXON, McNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Joshua Adkins seeks our review of the May 12, 2021, Order

of the Kenton Circuit Court affirming an order of the Kenton District Court

denying Adkins' motion to proceed *in forma pauperis* on appeal. We granted

discretionary review by order entered September 3, 2021. We reverse and remand

with directions.

Adkins was charged with fourth-degree assault and second-degree unlawful imprisonment. An assistant advocate with the Department of Public Advocacy filed a Motion for Appointment of Public Defender. Therein, it was alleged that Adkins was indigent and unable to provide for his own defense. An Affidavit of Indigence was filed with the motion. In the Affidavit, Adkins averred that he worked full-time with a total monthly income of $1,473 and had $193 in available cash. He also reported two dependents and monthly expenses of $1,135.

On July 13, 2020, District Court Judge Ann Ruttle held a pretrial conference, and the assistant public advocate appeared in regard to the motion for appointment of a public defender. The public advocate proceeded to identify herself at which time the Judge Ruttle audibly laughed and stated, "you are not on the record as his attorney." The public advocate then explained that she was there in regard to the motion. Judge Ruttle continued by stating that "the motion is denied. He is out of custody. He has a full-time job, and he is on HIP.[1]" Judge Ruttle then stated that Adkins "does not qualify for a public defender and that's being denied." The public advocate argued that the court was required to hold a hearing and consider relevant factors. Judge Ruttle then commented that she was "having a hearing right now" and that she "had already made that decision before." Judge Ruttle then asked Adkins if he was disabled, and Adkins answered in the

---

[1] Home Incarceration Program.

negative. Judge Ruttle next inquired of Adkins if he was employed full-time, and Adkins answered that he was so employed. The public advocate then explained that Adkins' earnings were nearly consumed by expenses and requested a hearing to introduce evidence of Adkins' indigent status. Judge Ruttle denied the request.

So, Adkins proceeded without an attorney. Judge Ruttle instructed Adkins that he could go to trial or accept a plea offer from the Commonwealth. The Commonwealth then stated the terms of its offer. Thereupon, Judge Ruttle turned to Adkins and asked if he wanted to accept the plea offer and plead guilty or go to trial. Adkins refused the plea offer. By a calendar order entered July 13, 2020, Judge Ruttle summarily denied Adkins' motion for appointment of a public advocate.

On the scheduled trial date, August 3, 2020, Judge Ruttle informed Adkins, "We are here for trial today. You ready? We're ready. We got witnesses here, or do you want to take them up on an offer?" Adkins visibly shrugs his shoulders and stated he did not know what the offer was from the Commonwealth. Thereupon, Judge Ruttle told the Commonwealth to give him an offer.

The Commonwealth then stated that if Adkins pleaded guilty to fourth-degree assault, the Commonwealth would drop the charge of unlawful imprisonment and would recommend twelve-months' imprisonment probated for two years. After the Commonwealth stated the terms of the offer, Judge Ruttle

repeated those terms to Adkins and asked, "Do you want it or not?" To which Adkins responded in the affirmative. By an August 3, 2020, calendar order, Judge Ruttle wrote "12 mos c/d 2yrs." Curiously, in the same order, Judge Ruttle also waived costs and fees due to Adkins' indigence.

On September 2, 2020, Adkins filed a notice of appeal with the Kenton Circuit Court from the August 3, 2020, order[2] and a motion to proceed *in forma pauperis* on appeal. On September 11, 2020, Judge Ruttle summarily denied the motion to proceed *in forma pauperis* by writing "denied" on a tendered order. On September 21, 2020, Adkins filed another notice of appeal in the Kenton Circuit Court pursuant to *Gabbard v. Lair*, 528 S.W.2d 675 (Ky. 1975), from denial of his motion to proceed *in forma pauperis*.[3]

In the appeal, the circuit court proceeded to hold an evidentiary hearing on October 23, 2020, upon whether Adkins was indigent. By Order entered May 12, 2021, the circuit court "denied" Adkins' motion to proceed *in forma pauperis*.

Thereupon, Adkins filed a motion for discretionary review with this Court from the circuit court's May 12, 2021, Order denying him indigent status.

---

[2] The notice of appeal actually referenced the order being dated "August 3, 2018," which this Court treated as a typographical error.

[3] Presumably, the circuit court consolidated the two appeals as there was only one appeal case number assigned to the appeal.

The Court of Appeals granted the motion by order entered September 3, 2021. Our review follows.

Adkins contends that the district court and the circuit court erred by denying his motion to proceed *in forma pauperis* on appeal. Upon review of the record and pertinent legal authority, we are of the opinion that the district court and circuit court committed error. Our reasoning is as follows.

In Kentucky, it is well-settled "that an indigent criminal defendant is entitled to appointment of counsel in any proceeding in which he could be sentenced to a term of imprisonment." *Tinsley v. Commonwealth*, 185 S.W.3d 668, 671 (Ky. App. 2006). To determine whether a defendant is indigent or "needy," our focus turns to Kentucky Revised Statute (KRS) 31.120(2), which provides:

> (2) In determining whether a person is a needy person and in determining the extent of his or her and, in the case of an unemancipated minor under KRS 31.100(5)(c), his or her custodial parents' or guardians' inability to pay, the court concerned shall consider such factors as:
>
> (a) Income;
>
> (b) Source of income;
>
> (c) Property owned;
>
> (d) Number of motor vehicles owned and in working condition;

(e) Other assets;

(f) Outstanding obligations;

(g) The number and ages of his or her dependents;

(h) The poverty level income guidelines compiled and published by the United States Department of Labor;

(i) Complexity of the case;

(j) Amount a private attorney charges for similar services;

(k) Amount of time an attorney would reasonably spend on the case; and

(l) Payment of money bail, other than a property bond of another, whether deposited by the person or another, to secure the person's release from confinement on the present charge of which he or she stands accused or convicted; and

(m) Any other circumstances presented to the court relevant to financial status.

Release on bail, or any other method of release provided in KRS Chapter 431, shall not necessarily prevent him or her from being a needy person. In each case, the person and, if an unemancipated minor under KRS 31.100(5)(c) and (d), his or her custodial parent or guardian, subject to the penalties for perjury, shall certify by affidavit of indigency which shall be compiled by the pretrial release officer, as provided under KRS Chapter 431 and Supreme Court Rules or orders promulgated pursuant thereto, the material factors relating to his or her ability to pay in the form the Supreme Court prescribes.

In cases involving indigency and appointment of counsel, the Court of Appeals has instructed the trial court:

> [F]irst, if a defendant raises the issue of indigency, a hearing must be held thereon for a determination in accordance with the requirements set forth in KRS Chapter 31, and the court must enter findings at the conclusion thereof. If the findings support indigency, counsel shall be appointed. Second, if the findings do not support indigency, and the defendant persists in not employing counsel, he shall be deemed to have waived counsel, whereupon he is entitled to the protections of *Faretta* [*v. California*, 422 U.S. 806 (1975)]. . . .

*Tinsley*, 185 S.W.3d at 675. To comply with *Faretta v. California*, 422 U.S. 806 (1975), our Court has set forth three duties imposed upon a trial court:

> First, the trial court must conduct a hearing in which the defendant testifies as to whether the waiver is voluntary, knowing, and intelligent. Second, the trial court must warn the defendant in the hearing of the benefits relinquished and the perils arising from the waiver of counsel. Finally, the trial court must make a finding on the record that the waiver is voluntary, knowing, and intelligent.

*Tinsley*, 185 S.W.3d at 674 (citations omitted).

In the case *sub judice*, the record is clear that Judge Ruttle failed to hold an evidentiary hearing in the district court and failed to render any findings of fact as to Adkins' indigency. Rather, Judge Ruttle summarily denied the motion

-7-

for appointment of counsel and motion to proceed *in forma pauperis*. This constituted reversible error.[4] *See Tinsley*, 185 S.W.3d at 674-75.

On appeal, the circuit court effectively conducted the evidentiary hearing that the district court failed to do. In an appeal from a district court, the circuit court's review is not by trial *de novo*. Section 115 of the Kentucky Constitution; *see also Commonwealth v. Bivins*, 740 S.W.2d 954, 956 (Ky. 1987). To the contrary, the circuit court reviews a decision of the district court "in an appellate capacity only." *Id.* While it appears the circuit court was attempting to remedy the district court's error by conducting a hearing to determine Adkins' indigency, the circuit court could not conduct an evidentiary hearing on appeal as the court was exercising appellate jurisdiction only. *Id.* By doing so, the circuit court exceeded the proper scope of the court's appellate review and committed error as a matter of law.

In sum, we reverse and remand with directions that the circuit court shall remand this matter to the district court. Upon remand, the district court shall conduct a hearing and render written findings of fact and conclusions of law per Kentucky Rules of Civil Procedure 52.01 and *Tinsley*, 185 S.W.3d at 672 as to

---

[4] Additionally, we note that Judge Ruttle improperly failed to hold a hearing or make findings pursuant to *Faretta v. California*, 422 U.S. 806 (1975) before accepting Joshua Adkins' guilty plea. *See Tinsley v. Commonwealth*, 185 S.W.3d 668, 674 (Ky. App. 2006).

whether Adkins qualifies as being indigent.  In so doing, the district court shall permit the public advocate to appear at the hearing.

For the foregoing reasons, the Order of the circuit court is reversed, and this cause is remanded with directions that the circuit court remand to the district court for the purpose of holding a hearing and rendering findings of fact and conclusions of law as to whether Adkins is indigent.

ALL CONCUR.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

Adam Meyer
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Christopher S. Nordloh
Special Assistant Attorney General
Covington, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Christopher S. Nordloh
Special Assistant Attorney General
Covington, Kentucky