RENDERED: SEPTEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0131-MR

RANDALL THOMAS HESTER                                        APPELLANT

v.
APPEAL FROM WARREN CIRCUIT COURT
HONORABLE STEVE ALAN WILSON, JUDGE
ACTION NO. 12-CR-00058-001

COMMONWEALTH OF KENTUCKY                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, GOODWINE, AND TAYLOR, JUDGES.

EASTON, JUDGE:  The Appellant ("Hester"), *pro se*,[1] appeals the denial of his

RCr[2] 11.42 motion.  Hester claims he was mis-advised by his circuit court attorney

about jail credit and the Commonwealth was not honoring an agreement about jail

credit, which has negatively impacted his initial parole eligibility date.  We

---

[1] The Kentucky Department of Public Advocacy ("DPA") was allowed to withdraw from its representation of Hester for this appeal pursuant to Kentucky Revised Statutes ("KRS") 31.110(2)(c).

[2] Kentucky Rules of Criminal Procedure.

conclude that Hester did not exhaust his statutorily provided remedy for jail credit issues. Separately, the circuit court did not abuse its discretion in denying the RCr 11.42 motion. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

On November 14, 2011, Hester was charged in this case with murder and two counts of wanton endangerment. Hester was on probation for five- and seven-year concurrent sentences for two earlier, unrelated Warren County cases.[3] After a jury trial in 2014 on the charges in this case, Hester was convicted of first-degree manslaughter and two counts of first-degree wanton endangerment. He was also found to be a second-degree persistent felony offender and was sentenced to 35 years in prison.

On direct appeal, the Kentucky Supreme Court held that the circuit court had improperly admitted certain hearsay evidence without necessary foundation and that the wanton endangerment charges should not have been joined with the murder charge. Hester's convictions were reversed, and the case was remanded for retrial.[4]

_____

[3] Case Nos. 10-CR-00383 (possession of methamphetamine) and 10-CR-00524 (two counts of first-degree wanton endangerment and one of first-degree criminal mischief).

[4] *Hester v. Commonwealth*, No. 2015-SC-000034-MR, 2016 WL 5246033 (Ky. Sep. 22, 2016).

After the remand, Hester was assigned counsel by DPA. Hon. Lee Davis ("Davis") entered his appearance on behalf of Hester. A new trial was scheduled for November 2019.

The circuit court conducted a pretrial conference in September 2019. Hester decided at the pretrial conference to accept a plea deal from the Commonwealth. Hester asked about jail credit. The circuit court informed Hester that it could not tell him when he would meet the parole board. Record ("R.") at 333. The court mentioned several times it could not assure Hester as to how the Kentucky Department of Corrections ("DOC") would calculate his jail credit.

After discussing his options with Davis, Hester then pled guilty to first-degree manslaughter. All remaining counts were dismissed. The written Order on Plea of Guilty recommended a 15-year prison sentence, which would run consecutively to the ten-year sentence already imposed in Case No. 12-CR-00059.[5] The Order contains a handwritten notation stating: "The defendant will be entitled to jail credited [sic] earned from date of arrest." R. at 184. The Commonwealth stated on the record that the exact amount of credit, if any, would be determined by the DOC.

---

[5] The ten-year sentence resulted from a guilty plea by Hester of being a felon in possession of a handgun and a second-degree persistent felony offender.

The subsequent Judgment and Sentence on Plea of Guilty sentenced Hester in accordance with the plea agreement. A standard form judgment was used, and this provision was checked by the circuit court: "Defendant is hereby **credited with the time spent in custody prior to sentencing**" (emphasis in the original) followed by a reference to KRS 532.120(3). R. at 189.

At the institution where he was housed, Hester questioned the calculation of his jail credit by DOC. By letter dated January 3, 2020, DOC directed Hester to file a request with DOC's Department of Probation and Parole ("Probation and Parole") office for the county where he had been sentenced. Hester sent such a request on January 8, 2020. Hester received a timely response. Hester's sworn motion states that he received this last letter on January 21, 2020. Hester did not file a subsequent appeal to the Offender Information Services Branch.[6]

The letter from Probation and Parole confirmed that Hester's probation had been revoked on his two prior Warren County cases on December 1, 2011. The DOC's letter explained that Hester's resulting seven-year sentence was

---

[6] The letter from Probation and Parole did not advise Hester of his right to appeal, and we find no specific requirement that he be so informed. The right to appeal is clear from a reading of the Kentucky Department of Corrections Policies and Procedures ("CPP") 17.4 Policy which was available to the public.

served out on August 24, 2015. The letter concluded that Hester began receiving credit for 12-CR-00058-001 and 12-CR-00059 only after that date.

Hester insists that the Commonwealth failed to adhere to the terms of his plea agreement. Hester believes everyone had "a meeting of the minds" about this. He was supposed to receive credit applied to this later case from the date of his arrest on this case (November 14, 2011). DPA supplemented Hester's initial *pro se* motion clarifying that Hester also alleged that his defense attorney was ineffective for failing to understand how his jail credit would be applied and for making promises about parole eligibility.

The Commonwealth filed a response essentially conceding that they agreed to Hester getting all the jail credit to which he was entitled. The Commonwealth correctly notes that Hester was informed that the exact amount of credit was uncertain and that it would ultimately depend on DOC's calculations. Hester filed a reply. In his reply, Hester makes clear his main objective is to obtain more jail credit. Hester apparently believes he was promised double credit because he should get credit for this case from the date of arrest, even if that credit has been applied to his prior cases for which he had to serve the sentences.

The circuit court held an evidentiary hearing on Hester's RCr 11.42 motion in April 2022. Hester and Davis testified. Hester claimed Davis assured him he would be eligible for parole in two to three years once all his jail credit was

applied. According to Hester, his first parole eligibility as determined by the DOC is in August 2027. He stated that had he known his true parole eligibility date he would not have accepted the Commonwealth's offer. He added he wanted to take the plea deal when it was offered so the matter could be resolved, but he was not satisfied with the way his parole eligibility was calculated.

Davis testified Hester was willing to accept the Commonwealth's offer as long as he was credited for all pre-arrest jail credit, and he could be sentenced that same day. Davis said he advised Hester of the terms of the offer, but that he could not advise Hester how jail credit would be applied because of his many cases. According to Davis, Hester understood and wanted to enter the guilty plea.

The circuit court issued its Findings of Fact and Conclusions of Law Regarding Motion for Relief Pursuant to RCr 11.42. R. at 330. The court found no ineffective assistance of counsel and denied Hester's motion. This appeal followed.

**STANDARD OF REVIEW**

A trial court's denial of an RCr 11.42 motion is reviewed for an abuse of discretion. *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014). Abuse of discretion occurs when the court's denial is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993

-6-

S.W.2d 941, 945 (Ky. 1999) (citations omitted). The trial court is entitled to believe some witness testimony over other testimony. CR[7] 52.01.

## ANALYSIS

Hester couched his motion as one under RCr 11.42. RCr 11.42 "is a procedural vehicle to present claims of error that could not have been raised on direct appeal." *Martin v. Commonwealth*, 207 S.W.3d 1, 2 (Ky. 2006), *as modified* (May 23, 2006). This is consistent with the idea that such motions should not be used to address complaints that should have been heard and decided in other proceedings.

Hester's complaint is about jail credit. Hester's attempt to address that issue by RCr 11.42 fails procedurally because he did not exhaust the statutorily provided process. KRS 532.120 outlines the calculation of jail credit and an inmate's right to challenge the DOC's calculations. KRS 532.120(9) states: "An inmate may challenge a failure of the Department of Corrections to award a sentencing credit under this section or the amount of credit awarded by motion made in the sentencing court no later than thirty (30) days after the inmate has exhausted his or her administrative remedies."

KRS 532.120 has been amended by the General Assembly multiple times over the years. The statute was last amended in 2012 with the last

---

[7] Kentucky Rules of Civil Procedure.

substantial amendment in 2011. The pre-2011 version of KRS 532.120(3) provided that presentencing jail credit "shall be credited by the court imposing sentence." *Sanders v. Commonwealth*, 600 S.W.3d 266, 270 (Ky. App. 2020). Under the pre-2011 version, trial courts had the duty to ensure credit was properly applied, requiring courts to address presentencing credit in their judgments. *Id.* "If either the defendant or the Commonwealth believes the trial court's jail-time credit calculation to be erroneous, either the Commonwealth or the defendant may timely raise that issue on direct appeal." *Winstead v. Commonwealth*, 327 S.W.3d 479, 485 (Ky. 2010), *superseded by statute as stated in Sanders*, *supra*.

In *Sanders*, the Court stated that the post-2011 language of KRS 532.120(3) removed the authority for trial courts to credit felony sentences for time spent in custody before sentencing. *Sanders*, *supra*, at 270. The General Assembly assigned such authority to the DOC instead. The current version of KRS 532.120(3) reads:

> Time spent in custody prior to the commencement of a sentence as a result of the charge that culminated in the sentence shall be credited by the Department of Corrections toward service of the maximum term of imprisonment in cases involving a felony sentence and by the sentencing court in all other cases. If the sentence is to an indeterminate term of imprisonment, the time spent in custody prior to the commencement of the sentence shall be considered for all purposes as time served in prison.

The Court reasoned that the current version of KRS 532.120 allows a defendant to challenge a decision of the DOC to award jail credit by filing a motion in the sentencing court, but only after exhausting his administrative remedies. *Sanders*, *supra*, at 271.

In *Woods v. Commonwealth*, 599 S.W.3d 894, 897-98 (Ky. App. 2020), this Court explained the process for an inmate to request a jail credit review as set forth by the Kentucky Administrative Regulations and Department of Corrections Policies and Procedures. First a prisoner (denominated as an "offender" in the written policy) may request an initial review with the institution where he is held. He can appeal that decision.

The offender may then seek a formal administrative review. He must send this review request to the Probation and Parole office of the sentencing county. That office must then send a response to the offender which shall include an explanation of the method of calculation of jail credit, and whether the correct jail credit has been applied to the sentence. The offender may then appeal the written response concerning credit to the Offender Information Services Branch. Only after that appeal may an offender file a motion with the circuit court. The Department of Corrections is an indispensable party for such a motion, which must be filed within thirty days after the final appeal decision.

Hester went through part of this process. He asked for the institutional review. Then he requested in writing a calculation of his jail credit with Probation and Parole. Throughout, Hester alleged the terms of his plea deal were not being followed. Probation and Parole replied that Hester's post-arrest credit for 12-CR-00058-001 and 12-CR-00059 only began running on the date he served out the seven-year sentence (August 24, 2015).

Hester did not appeal the Probation and Parole determination to the Offender Information Services Office and did not phrase his subsequent motion with the circuit court as one under KRS 532.120. He may not file such a motion because he did not follow through with the administrative appeal, waiving any further complaint about his jail credit.

Hester argues that this exhaustion requirement does not apply to his RCr 11.42 allegations. He is not really arguing the actual number of days but rather how those numbers should have been applied. But had Hester proceeded with the administrative process and filed a proper and timely motion, the circuit court would then have been in a position to determine any allegations about an agreement as to jail credit. That would have been the correct process and remedy for Hester's complaint.

Even if we agree with Hester's argument that an RCr 11.42 motion should be excepted from the jail credit appeal process, this Court also agrees with

the circuit court which found no merit in the RCr 11.42 allegations. While Hester alleged ineffective assistance of counsel in his RCr 11.42 motion at the trial court level, Hester did not actually argue this in his appellate brief. In his initial brief, Hester argues about the Commonwealth/DOC supposedly not honoring the plea agreement. Hester only mentions that his attorney made an error in his reply brief. We may consider as waived any argument not addressed in the initial appellate brief. *Commonwealth v. Bivens*, 740 S.W.2d 954, 956 (Ky. App. 1987).

Even if we again give Hester the benefit of the doubt and proceed with review of his claim of ineffective assistance of counsel, his appeal still has no merit. The standards which measure ineffective assistance of counsel are set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). First, the defendant must show that counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment of the United States Constitution. *Id.* at 687, 104 S. Ct. at 2064. Second, the defendant must show the counsel's deficiency prejudiced the defense by depriving the defendant of a fair proceeding, a proceeding whose result is reliable. *Id.* "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

The evidence shows neither the circuit court, the Commonwealth, nor Davis misrepresented the proper application of jail credit to Hester. Hester's jail credit was correctly calculated under the law. Because Hester committed a felony while on felony probation for an earlier case, the sentences must be consecutive. KRS 533.060(2). While every defendant is entitled to receive every day of jail credit, he is not entitled to double credit on consecutive sentences. In this case, days in jail first satisfied the prior revoked sentences.

The court stressed during the plea colloquy it could not guarantee the amount of jail credit Hester would receive as applied to this case. Davis made similar statements to Hester. Other than Hester's claim about what Davis told him, which is contrary to Davis's testimony, there is nothing in the record that any agreement for double credit was made. There was no meeting of the minds for double jail credit. Hester did not receive ineffective assistance of counsel.

Hester also cannot show he was prejudiced by pleading guilty, even if he were under the impression he might get out of prison earlier. A defendant who claims ineffective assistance of counsel in the context of a plea agreement must establish prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012) (internal quotation marks and citation omitted).

-12-

Hester was charged with offenses with potential sentences far greater than the fifteen-year sentence he received. Hester had already sustained an adverse result at a jury trial. The jury gave him 35 years in prison for this case. The trial evidence about Hester's conduct was disturbing and explains the substantial penalty.

Hester's acceptance of the Commonwealth's plea offer avoided the risks of receiving a much higher total sentence at two trials, since the manslaughter and wanton endangerment charges would be separated. Hester altogether avoided the wanton endangerment charges and the second-degree persistent felony offender enhancement. The rejection of the plea deal would not have been rational under the circumstances. Hester was not prejudiced by pleading guilty, regardless of any misunderstanding he may have had about his entitlement to double jail credit.

## CONCLUSION

Hester did not exhaust his administrative remedies for jail credit before filing his RCr 11.42 motion. The circuit court also did not abuse its discretion in finding no ineffective assistance of counsel. We affirm the judgment of the Warren Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Randall Thomas Hester, *pro se*
Beattyville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky