RENDERED: JANUARY 9, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1394-MR

CHARLES AXL ROSE,
INDIVIDUALLY AND AS CO-
ADMINISTRATOR OF THE ESTATE
OF CHARLES LEE ROSE; AND
JESSICA ELDRIDGE,
INDIVIDUALLY AND AS CO-
ADMINISTRATOR OF THE ESTATE
OF CHARLES LEE ROSE                                             APPELLANTS


                          APPEAL FROM WAYNE CIRCUIT COURT
v.                        HONORABLE SARA B. GREGORY, JUDGE
                          ACTION NO. 16-CI-00265


RAY UPCHURCH; BRAD TUCKER;
AND DANNY JARVIS                                                APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

KAREM, JUDGE:  Appellants appeal both the Wayne Circuit Court order on certain motions *in limine* and the final judgment entered by the circuit court after a jury trial.[1]  Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 2014, a McCreary County deputy arrested Charles Lee Rose ("Rose") for driving while under the influence and other traffic violations.  Upon his arrest, the deputy took Rose to the Wayne County Detention Center and placed him in a detox cell to "sleep it off."  Despite routine checks, deputies found Rose unresponsive approximately six (6) hours later.  Rose was flown to the University of Kentucky Medical Center and admitted to the intensive care unit.  He remained hospitalized until he died on February 24, 2014.

On September 15, 2016, the Estate filed a complaint in Wayne Circuit Court against Wayne County, Wayne County Detention Center, Ray Upchurch, the former Wayne County Jailer, and three individual Wayne County deputy jailers.  Appellants alleged constitutional violations as well as claims for negligence, gross negligence, outrage, wrongful death, and negligence *per se*.

---

[1] Appellants brought an initial appeal, No. 2017-CA-0348-MR, from an Order of Wayne Circuit Court granting Appellee's Motion to Dismiss.  That appeal was affirmed in part, reversed in part and the case was remanded back to the trial court.  Appellants brought a second appeal, No. 2023-CA-0520-MR, which was dismissed by this Court as an inappropriate interlocutory appeal.

In preparation for trial, the parties filed pretrial motions, including motions *in limine* to exclude or limit the admission of certain evidence and witness testimony. The defendants also filed an omnibus motion *in limine* seeking to limit the estate's claims for pain and suffering and punitive damages. The circuit court held a hearing on those motions on May 23, 2022. On May 25, 2022, the circuit court issued an order addressing all pending pretrial motions. On May 26, 2022, the Estate filed a motion to alter, amend, or vacate the circuit court's order. The circuit court denied the motion to alter, amend, or vacate on April 14, 2023.

The matter went to a jury trial, which began on September 30, 2024. After deliberation and review of the testimony and evidence, the jury returned a verdict in favor of the defendants as to all issues of liability. On October 16, 2024, the circuit court entered a judgment incorporating the jury's verdict and dismissing all the claims against the defendants with prejudice. This appeal followed.

**ANALYSIS**

The Estate's sole argument on appeal is that the circuit court erred in its May 25, 2022, order addressing the parties' pretrial evidentiary motions without making separate findings of fact and conclusions of law. However, under Kentucky Rule of Civil Procedure ("CR") 52.01: "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41.02." Indeed, as discussed by the Kentucky

Supreme Court, "[a]ppellant's complaint that the trial judge failed to make findings of fact and conclusions of law is without merit. CR 52.01 exempts rulings on motions from its mandate for such findings of fact and conclusions of law." *Clay v. Clay*, 424 S.W.2d 583, 584 (Ky. 1968) (citations omitted). Moreover, Kentucky Rule of Evidence ("KRE") 103(d) states that an order of record is sufficient to preserve the issues discussed therein for appellate review.

Thus, CR 52.01's plain language indicates that the rule applies to bench trials conducted by the court, as well as hearings held by the court relevant to motions for temporary and permanent injunctions. In the case *sub judice*, the parties' pretrial motions were not made under Rule 12, 56, or 41.02; therefore, the circuit court was not required to issue findings of fact or conclusions of law. Accordingly, we decline to reverse.

We note that the Estate does not argue or thoroughly brief on appeal that the circuit court's rulings in the May 25, 2022, order was an abuse of its discretion. Thus, we decline to review that issue. *See Commonwealth v. Bivins*, 740 S.W.2d 954, 956 (Ky. 1987) (citation omitted) ("Normally, assignments of error not argued in an appellant's brief are waived.").

## CONCLUSION

We affirm the Wayne Circuit Court's May 25, 2022, and April 14, 2023, orders and the final judgment entered on October 16, 2024.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Lee Whittenburg
Monticello, Kentucky

BRIEF FOR APPELLEES:

Jason E. Williams
John F. Kelley, Jr.
London, Kentucky