Calvin E. JONES, Appellant

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. 2006–CA–000960–MR.

Court of Appeals of Kentucky.

Nov. 2, 2007.

Lisa Bridges Clare, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Bryan D. Morrow, Assistant Attorney General, Frankfort, KY, for appellee.

Before LAMBERT, TAYLOR, and WINE, Judges.

*OPINION*

LAMBERT, Judge.

Calvin Jones appeals from a judgment of the Meade Circuit Court that sentenced him to ten-years' imprisonment after his entry of a conditional plea of guilty. Jones contends that the trial court erred in failing to grant his motion to suppress evidence that was found in his vehicle during a search following his inability to produce a valid driver's license at a roadblock. After our review, we affirm.

On June 5, 2005, in the early morning hours, the Kentucky State Police were operating a traffic safety checkpoint in Muldraugh, Kentucky. This safety checkpoint was authorized by the Kentucky State Police and was being conducted in a nondiscriminatory manner with every vehicle passing through the checkpoint being subject to a safety check. Jones was stopped at or by the safety checkpoint and was approached by Trooper Jason Woodside.

Trooper Woodside asked Jones to produce his driver's license, but Jones was unable to do so. Trooper Woodside then asked Jones to pull to the side of the road and step from the vehicle. Once outside the vehicle, Woodside requested Jones' identification information and called in to the Kentucky State police for a license and vehicle registration verification.

While the identification was being processed, Trooper Woodside patted Jones down for his safety, and no weapons were detected. Trooper Woodside testified that Jones was very nervous and that he, the trooper, had observed a marijuana leaf embroidered on Jones' vest. Trooper Woodside proceeded to ask Jones for permission to search his person and such permission was granted. Jones was found to have approximately nine grams of marijuana in his front pocket.

At this time, Trooper Woodside directed Jones to take a seat on the curb and asked for permission to search his vehicle. Jones granted permission, and Trooper Woodside requested assistance from the Kentucky State Police Drug Canine Unit. The drug dog apparently alerted positive for drugs on the outside of Jones' vehicle. Based on the marijuana found on Jones and the positive alert on the outside of his vehicle, Jones was formally placed under arrest. The inside of the vehicle was then searched. Located between the driver's seat and console was a loaded large caliber semi-automatic pistol. Also in the vehicle was a substantial quantity of cocaine, marijuana, and drug packaging paraphernalia.

On July 11, 2005, the Meade County Grand Jury returned an indictment against Jones and charged him with the following: (1) trafficking in a controlled substance in the first degree (cocaine), second or subsequent offense, enhanced by possession of a firearm; (2) possession of marijuana, enhanced by possession of a firearm; (3) possession of a handgun by a convicted felon; and (4) persistent felony offender in the first degree.

On or about November 17, 2005, Jones moved the court to suppress the evidence

obtained through the search, alleging that "the initial search by Trooper Woodside went beyond the scope of a *Terry* safety pat down and thus everything that followed was a fruit from the forbidden tree." The trial court held a hearing on this issue and found that Jones consented to the search of his person which produced contraband thus giving Trooper Woodside probable cause to arrest him. Furthermore, since Jones consented to the search of his person and vehicle, the trial court reasoned, it did not have "to determine whether or not they were otherwise authorized."

On December 6, 2005, Jones filed a motion to reconsider the denial of his motion to suppress. In this motion, Jones contended that a seizure occurred when Trooper Woodside asked him to pull his vehicle over to the side of the road from the roadblock. He further asserted that "when the Trooper asked permission to search his person, the Trooper did not have reasonable suspicion that criminal activity was afoot and [Jones] did not feel at liberty to leave." The trial court again denied Jones' motion to suppress, determining that Jones' failure to have his driver's license on him gave Trooper Woodside "the authority for a temporary detention while the existence and validity of an operator's license [could] be established." The trial court also reaffirmed its earlier findings that Jones consented to the subsequent searches of his person and vehicle.

Therefore, on March 9, 2006, Jones withdrew his former plea of not guilty and entered a conditional plea of guilty, reserving his right to appeal the trial court's denial of his motion to suppress. In exchange for his plea of guilty, the Commonwealth amended the indictment to allow Jones to plead guilty to first-degree trafficking in a controlled substance, first offense; possession of marijuana; and pos-

session of a handgun by a convicted felon. After questioning Jones and his counsel, the trial court determined that Jones' plea was knowingly, intelligently, and voluntarily entered and accepted the plea. Jones was subsequently sentenced to ten years. This appeal followed.

■ Jones raises one argument on appeal. He argues that the Fourth Amendment requires that all checkpoints be of a specific and limiting nature with a limiting plan of action and authorization and that failure to so limit the roadblock in this case resulted in the seized evidence being "fruits of the poisonous tree" requiring reversal of conviction. We find this issue unpreserved and not palpable error.

In order to properly preserve an issue via a conditional guilty plea, RCr 8.09 requires in pertinent part that "[w]ith the approval of the court a defendant may enter a conditional plea of guilty, reserving *in writing* the right, on appeal from the judgment, to review of the adverse determination of any *specified* trial or pretrial motion." (emphasis added). In questioning Jones during his entry of the conditional guilty plea, the court insured that Jones was preserving the "single issue" raised in his motion to suppress the evidence and his motion to reconsider. Jones answered affirmatively when asked whether he understood that the right to appeal was reserved to that single issue. He now, however, would have this Court address an issue not ruled on by the trial court through any trial or pretrial motion as required by RCr 8.09. As a matter of fact, Jones would have us address an issue the trial court clearly stated "was not questioned" and which it therefore presumed "that the safety checkpoint was being lawfully conducted in a non-discriminatory manner."

■ We have long held in Kentucky that an issue not raised in the circuit court

may not be presented for the first time on appeal. *Gabow v. Commonwealth,* 34 S.W.3d 63, 75 (Ky.2000), *habeas granted on other grounds, Gabow v. Deuth,* 302 F.Supp.2d 687 (W.D.Ky.2004); *Shelton v. Commonwealth,* 992 S.W.2d 849, 852 (Ky. App.1998); *Ruppee v. Commonwealth,* 821 S.W.2d 484 (Ky.1991), *overruled on other grounds by Lovett v. Commonwealth,* 103 S.W.3d 72 (Ky.2003); *Tamme v. Commonwealth,* 973 S.W.2d 13, 33 (Ky.1998). This rule is stated for good reason. At the hearing on the motion to suppress, the Commonwealth put on evidence to rebut Jones's argument that the search exceeded the scope of *Terry.* It did not, however, put on evidence about the nature of the checkpoint because that was not an issue. If Jones wanted to appeal this issue, it was incumbent upon him to have a hearing on the issue and secure a ruling from the trial court. Failure to get a ruling on this issue prior to pleading guilty precludes appellate review.

Jones alternatively argues that if we find the issue unpreserved that we address it as palpable error under RCr 10.26. Reversing a conviction based on palpable error requires this Court to determine that a manifest injustice has resulted from an error which affects the substantial rights of a party. *See* RCr 10.26. We do not find this to be the case. Therefore, we find the issue unpreserved and evading review.

For the reasons set forth herein, the judgment of the Meade Circuit Court is affirmed.

ALL CONCUR.