RENDERED: MARCH 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0996-MR

FRED ROGERS                                                 APPELLANT

                    APPEAL FROM ESTILL CIRCUIT COURT
v.                HONORABLE MICHAEL DEAN, JUDGE
                    ACTION NO. 19-CR-00158

COMMONWEALTH OF KENTUCKY                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

COMBS, JUDGE: In this criminal case, Appellant, Fred Rogers (Rogers), appeals

from the denial of his motion to suppress by the trial court. After our review, we

affirm.

        Rogers was indicted by an Estill County Grand Jury charging that on

or about July 24, 2019, he committed the offenses of trafficking in a controlled

substance in the first degree; theft or receipt of a stolen credit card; criminal

possession of a forged instrument in the second degree; failure to wear a seat belt; and being a persistent felony offender in the first degree.

According to the uniform citation report filed on July 25, 2019, Sheriff Flynn of the Estill County Sheriff's Department received a call that Rogers had been involved in a vehicle accident, that he was possibly under the influence of drugs, and had a taken another vehicle in order to go back to pull the wrecked vehicle from a ditch.

> Once I [Sheriff Flynn] located the wrecked vehicle that the above [Rogers] is known to drive he was not present. I began to atl[1] the the [sic] above vehicle and located him on Rice St. I initiated a traffic stop due to him possibly being under the influence and not wearing a seat belt. Upon making contact with the above he was very nervous. The above subject gave me consent to search the above vehicle. Under the drivers [sic] seat I located a crystal like substance in a plastic bad [sic] that I believed to be methamphetamine. The above stated that it wasn't his and that he was just delivering it. Also in his possession was a credit card and a check belonging to Evelyn Rawlins. On a prior dated it had been reported that he had stolen these items. Also in his possession was $13.61.

On August 16, 2021, Rogers filed a motion "to suppress the evidence seized in this matter because of an improper warrantless search of the Defendant's automobile based on an anonymous tipster."

---

[1] According to the Commonwealth's brief, the abbreviation, "ATL," means attempt to locate.

On December 16, 2021, the trial court conducted a hearing on the suppression motion. Sheriff Flynn testified, but Rogers did not testify at the hearing.

On February 14, 2022, Rogers filed a motion for a ruling on the motion to suppress and for "additional findings that there was no testimony of any threat to the officer's safety and that the search was not a valid search incident to an arrest[.]"

On March 2, 2022, Rogers filed a supplemental motion to suppress, explaining that he had watched the digital recording of the suppression hearing "which has raised additional issues." Rogers now argued that that the stop was unconstitutionally prolonged, citing *Commonwealth v. Clayborne*, 635 S.W.3d 818 (Ky. 2021). *Clayborne* holds that:

> Police officers may not extend or prolong traffic stops without reasonable, articulable suspicion to conduct further criminal investigation. Officers who pursue other purposes instead of those associated with the original mission of the stop for any amount of time unconstitutionally prolong the stop.

*Id.* at 824 (citations omitted).

On May 24, 2022, the trial court entered an order denying the motion to suppress as follows:

> Stopping an automobile and detaining its occupants constitutes a "seizure" under the Fourth Amendment. <u>Delaware v. Prouse</u>, *440 U.S. 648 (1979).* Like the

-3-

detention of individuals under <u>Terry v. Ohio</u>, *392 U.S. 1 (1968)*, traffic stops must be supported by articulable reasonable suspicion of criminal activity. <u>Berkemer v. McCarty</u>, *468 U.S. 420 (1984)*. A search based on consent is reasonable. <u>North Dakota v. Birchfield</u>, *136 S. Ct. 2160 (2016)*. However, an anonymous tip may carry sufficient "indicia of reliability" to justify a Terry stop, even though insufficient to support an arrest or search warrant. <u>See</u> <u>Alabama v. White</u>, *496 U.S. 325 (1990)*. Here the Sheriff corroborated a tip that the Defendant had been involved in an automobile accident by locating the wrecked vehicle. He also observed that the Defendant was not wearing a seat belt at the time of the stop. Thus the initial stop of the Defendant was justified and the motion to suppress is denied.

(Italics and underline original.)

On June 7, 2022, Rogers filed a "MOTION TO ENTER CONDITIONAL GUILTY PLEA PER RCr 8.09."[2] (Uppercase original.) Rogers pled guilty to trafficking in a controlled substance, first degree, first offense. The Commonwealth offered dismissal of the other charges and seven years to serve. The plea colloquy reflects that Rogers reserved the right to appeal "this court's ruling on your motion to suppress evidence." On August 4, 2022, the trial court

---

[2] Kentucky Rule of Criminal Procedure (RCr) 8.09 provides as follows:

> With the approval of the court a defendant may enter a conditional plea of guilty, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified trial or pretrial motion. A defendant shall be allowed to withdraw such plea upon prevailing on appeal.

-4-

entered judgment and sentence on plea of guilty. Rogers was sentenced to seven years to serve, and he preserved the "right to appeal denial of suppression motion."

On August 12, 2022, Rogers filed a notice of appeal to this Court. "When examining a ruling on a motion to suppress, appellate courts look first to the trial court's findings of fact. If not clearly erroneous, they are conclusive. Next, any issues of law are reviewed *de novo*." *Haney v. Commonwealth*, 500 S.W.3d 833, 835 (Ky. App. 2016) (emphasis original).

On appeal, Rogers contends that the trial court's finding -- that the Sheriff corroborated the tip -- was clearly erroneous because the Sheriff never confirmed that Rogers had been the operator of the wrecked vehicle. We need not engage in an analysis of that issue because the trial court also determined that the Sheriff "observed that the Defendant was not wearing a seat belt at the time of the stop. Thus the initial stop of the Defendant was justified." Rogers has "no quarrel" with that reasoning. Nor does he dispute that he consented to the search after he was stopped for not wearing a seatbelt.

However, Rogers now contends that the traffic stop was impermissibly extended, citing *Clayborne, supra*, as follows:

> The officer simply got [Rogers] out of the vehicle because of safety reasons, which was an abandonment of the lawful mission of the traffic stop which should have already concluded at the time consent was obtained for purposes of determining if the officer could even ask for consent. In other words, [Rogers] should have never

been taken out of the car. He should have just been given a citation for No Seat Belt.

In seeking reversal of the ruling of the trial court, Rogers asks "this Court to hold that the stop was extended and that such extension was not justified by reasonable articulable suspicion . . . ." We conclude that the issue is not reviewable for the reasons set forth below.

"RCr 8.09 governs what may be preserved for appeal by a defendant in a conditional guilty plea. Under this rule, a defendant may 'reserv[e] in writing the right, on appeal from the judgment, to review of the *adverse determination* of any specified trial or pretrial motion.'" *Helphenstine v. Commonwealth*, 423 S.W.3d 708, 712 (Ky. 2014) (emphasis original). *Helphenstine* explains that "[i]f the appellate issue is not specifically mentioned in the plea colloquy, we will still undertake review if the issue was brought to the trial court's attention" before the conditional guilty plea was entered. *Id.*

In *Helphenstine*, the defendant filed motions to suppress and agreed that an evidentiary hearing was not necessary and that the legal arguments could be submitted on briefs. The trial court denied the motions to suppress. Ultimately, Helphenstine entered a guilty plea reserving his right to appeal the issues raised in his motions to suppress. On appeal, Helphenstine argued that the trial court erred in denying the motions to suppress and by failing to hold an evidentiary hearing. It was not disputed that Helphenstine preserved his right to appeal the trial court's

-6-

rulings on the motions to suppress by entering a conditional guilty plea; however, our Supreme Court held that his "argument regarding the trial court's failure to conduct an evidentiary hearing . . . is outside the scope of his plea agreement and is not reviewable under RCr 8.09. **The trial court made no adverse determination on the issue of an evidentiary hearing**." *Id.* at 713 (emphasis added) (footnote omitted).

In *Jones v. Commonwealth*, 239 S.W.3d 575 (Ky. App. 2007), the defendant entered a conditional guilty plea preserving his right to appeal the denial of his motion to suppress; however, the issue he raised on appeal was "not ruled on by the trial court through any trial or pretrial motion as required by RCr 8.09." *Id.* at 577. This Court held that "[i]f Jones wanted to appeal this issue, it was incumbent upon him to have a hearing on the issue and secure a ruling from the trial court. Failure to get a ruling on this issue prior to pleading guilty precludes appellate review." *Id.* at 578.

In the case before us, Rogers raised the issue that the traffic stop was impermissibly extended in his March 2, 2022, supplemental motion to suppress. However, the trial court made no ruling on that issue -- adverse or otherwise -- in its May 24, 2022, order denying his motion to suppress. Rogers filed no supplemental motions seeking a ruling on that issue. Thus, as there was no adverse

determination on the issue as required by RCr 8.09, Rogers's appellate argument that the stop was impermissibly extended is not reviewable.

We affirm the judgment of conviction and sentence of the Estill Circuit Court.

ALL CONCUR.

<table>
<tr><td>BRIEFS FOR APPELLANT:</td><td>BRIEF FOR APPELLEE:</td></tr>
<tr><td>Thomas P. Jones<br>Beattyville, Kentucky</td><td>Daniel Cameron<br>Attorney General of Kentucky</td></tr>
<tr><td></td><td>Perry T. Ryan<br>Assistant Attorney General<br>Frankfort, Kentucky</td></tr>
</table>